PARENT v PARENT

Docket No. 287543. Submitted January 13, 2009, at Detroit. Decided
January 22, 2009, at 9:05 a.m.

The Oakland Circuit Court, in a divorce action brought by Robert A.
Parent against Barbara L. Parent, awarded the parties joint legal
custody of their daughter and awarded the defendant sole physical
custody of the child. After the child was homeschooled by the
defendant for kindergarten and the parties could not agree on a plan
for the child's future education, the plaintiff moved for a court order
directing that the child attend public school. The court, Linda S.
Hallmark, J., granted the motion. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not err by failing to make a determina-
tion regarding the child's established custodial environment.
Changing a child's school does not constitute a change of the
established custodial environment. The plaintiff does not have to
prove by clear and convincing evidence that the modification he
sought is in the child's best interest; he need only prove by a
preponderance of the evidence that the modification is in the
child's best interest.

2. The trial court erred by failing to consider the statutory
best-interest factors, MCL 722.23, when making its determina-
tion. If parents who share joint legal custody of a child are unable
to agree on the child's schooling, the trial court must resolve the
dispute according to the child's best interest. This case must be
remanded to allow the trial court to state its findings and conclu-
sions with regard to the statutory best-interest factors, or, if
necessary, to conduct a new hearing that may include consider-
ation of up-to-date evidence.

Remanded.

1. DIVORCE — CHILD CUSTODY — CHANGE OF SCHOOLS.

Changing the school a child of divorced parents attends does not
constitute a change in the child's established custodial environ-
ment; the parent seeking to effectuate the change through a
modification of the child-custody provisions of a divorce judgment

must prove by a preponderance of the evidence that the change is in the child's best interest (MCL 722.23; MCL 722.27[1][c]).

2. DIVORCE — CHILD CUSTODY — CHILDREN'S EDUCATION.

A dispute between divorced parents who share joint legal custody of a child over the child's schooling must be resolved by the court according to the child's best interests (MCL 722.23; MCL 722.27[1][c]).

*Hardig & Hardig, PLLC* (by *Joseph L. Hardig, III*), for the plaintiff.

*David A. Kallman* for the defendant.

Before: SAAD, C.J., and DAVIS and SERVITTO, JJ.

PER CURIAM. Defendant appeals as of right the trial court's order granting plaintiff's motion to enroll the parties' minor daughter in public school. We remand for further proceedings.

The parties were divorced on May 31, 2007, pursuant to a consent judgment of divorce. The parties share joint legal custody of their two children, and defendant received sole physical custody of the children. The consent judgment of divorce contained a provision regarding the children's[1] education:

> The parties agree that the minor children are currently being home schooled. They further agree that they will decide by August 15, 2007, whether they will continue to home school Emily and the details of her home schooling should they continue to do so. In addition, they agree that if they cannot agree that they will mediate the issue with [Ellen M. Craine]. If mediation fails, the parties will mutually agree upon an arbitrator.

Defendant began homeschooling Emily after the parties separated in December 2005, and continued to do so

---

[1] Only the education plan of the older child, Emily, is at issue in this case; the younger child is not yet of school age.

through Emily's kindergarten year. Plaintiff then filed a motion to enroll Emily in public school. The trial court granted that motion, and from that grant defendant now appeals.

Defendant first argues that the trial court should have made a determination regarding Emily's established custodial environment in order to determine plaintiff's burden of proof. We disagree.

In custody cases, all orders and judgments by the trial court shall be affirmed unless "the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. Statutory interpretation is a question of law that this Court reviews de novo. *Shinholster v Annapolis Hosp*, 471 Mich 540, 548; 685 NW2d 275 (2004). The issue of what burden of proof is to be applied in the instant situation is also a question of law. *Pickering v Pickering*, 253 Mich App 694, 698; 659 NW2d 649 (2002). Defendant did not preserve this issue for appeal by failing to raise it in the trial court; however, because it is a question of law that can be decided on the facts presented, we will consider it.

A court may modify or amend a child custody order "for proper cause shown or because of a change of circumstances." MCL 722.27(1)(c); *Vodvarka v Grasmeyer*, 259 Mich App 499, 508; 675 NW2d 847 (2003). Further, a court may not change a child's established custodial environment unless the moving party proves by clear and convincing evidence that the change is in the child's best interest. MCL 722.27(1)(c); *Berger v Berger*, 277 Mich App 700, 710; 747 NW2d 336 (2008). There appears to be no serious dispute that Emily has an established custodial environment with defendant. However, plaintiff appears to be seeking only a change

in Emily's educational environment, not her custodial environment. We are unable to find any Michigan law referring to an "established custodial/educational environment," which defendant contends the trial court should have considered.

Rather, MCL 722.27(1)(c) provides, in part:

> The court shall not modify or amend its previous judgments or orders or issue a new order *so as to change the established custodial environment of a child* unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to the permanency of the relationship shall also be considered. [Emphasis added.]

Plainly, not all modifications to previous judgments or orders require the heightened "clear and convincing evidence" standard of proof; rather, the burden of proof is heightened for only those modifications that change the child's established custodial environment. *Berger, supra* at 706. Changing the child's school does not constitute a change of custodial environment under the above definition. Therefore, the modification at issue here did not require the moving party to demonstrate clear and convincing evidence that the change is in the child's best interest; rather, the burden of proof in such circumstances is a preponderance of the evidence that the change is in the child's best interest. The trial court did not plainly err by failing to make a determination regarding an established custodial environment.

Defendant next argues that the trial court erred by failing to consider all the statutory best interest factors

in making its determination on this custody issue. On the basis of what we can discern from the record, we agree.

This Court stated in *Bowers v VanderMeulen-Bowers*, 278 Mich App 287, 295-296; 750 NW2d 597 (2008):

> When parents have joint legal custody of a child, the parents shall share decision-making authority as to the important decisions affecting the welfare of the child. Because [the child's] placement in a particular school district is an important decision affecting his welfare, both [parents] must agree on that decision. If they are unable to agree, the trial court must resolve the dispute according to [the child's] best interest. [Citations and quotation marks omitted.]

Further, when making a determination regarding a child's best interest, a trial court is required to state its factual findings and conclusions with regard to each relevant statutory best interest factor listed in MCL 722.23. *Rittershaus v Rittershaus*, 273 Mich App 462, 472-475; 730 NW2d 262 (2007). If a trial court fails to make reviewable findings of fact, the proper remedy is a remand for a new hearing. *Id.* at 475-476; *Lombardo v Lombardo*, 202 Mich App 151, 160; 507 NW2d 788 (1993).

The trial court expressly stated that it did not believe that it had to address all the best interest factors in this case because the custody modification pertained only to education. This is not an unreasonable, or even necessarily incorrect, view: the modification at issue does not, as discussed, change the child's custodial environment, and some of the factors may not even be relevant. Thus, the trial court was partially correct in holding that such a limited change as the one at bar would not require exhaustive consideration of all factors or that all those factors are of equal weight. However, in a child

custody dispute, the "best interests of the child" is defined by statute as including a consideration of *all* factors enumerated in MCL 722.23. The trial court must at least make explicit factual findings with regard to the applicability of each factor.

This matter must be remanded to the trial court to afford the trial court the opportunity to place on the record its findings regarding the best interest factors enumerated in MCL 722.23, or, if necessary, a new hearing that may include consideration of up-to-date evidence. In the interests of maintaining as stable an environment for the child as possible, the trial court's present order shall remain in effect until the trial court has the opportunity to issue a new order based on the above analysis or hearing. We do not retain jurisdiction.

Remanded.