# STATE OF MICHIGAN

# COURT OF APPEALS

JEREMY MICHAEL FISCHER,

    Plaintiff-Appellant,

v

TIFFANY YVONNE ROBERTS,

    Defendant-Appellee.

UNPUBLISHED
June 16, 2016

No. 330162
Alpena Circuit Court
Family Division
LC No. 10-003301-DC

Before: SAWYER, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM.

Plaintiff appeals as of right a circuit court order which granted defendant's motion to modify custody and parenting time. Because the trial court failed to consider the best interest factors set forth in MCL 722.23 before granting defendant's motion, we reverse and remand for further proceedings.

## I. FACTS & PROCEDURAL HISTORY

The parties never married, but they have two minor children, TF and CF. TF, who is currently 12-years-old, has multiple physical and cognitive challenges, and he attends a specialized school for children with developmental disabilities. CF is currently nine years old.

The parties' relationship ended in 2009, and in 2010 plaintiff filed suit, seeking primary physical custody of both children. The matter was initially resolved in February of 2011 with a court order awarding joint legal custody to the parties and primary physical custody to defendant with parenting time for plaintiff. Later, in September of 2013, in the course of resolving a child support motion, the court ordered that the parties would have joint legal and joint physical custody of the children with equal parenting time. Thereafter, the parties had the children for alternating weeks. At that time, both parties lived in Alpena County, Michigan.

In September of 2014, defendant filed a motion to change the children's domicile, stating that she wanted to move to the Ann Arbor area with the children so that they would be closer to the University of Michigan Hospital for TF's benefit. The trial court denied this motion in October of 2014. Defendant nonetheless moved to the Ann Arbor area and she filed a second motion to change the children's domicile in early 2015, again seeking to move the children to the Ann Arbor area. The trial court denied this motion in March of 2015, at which time the court

also changed the parenting time schedule such that plaintiff had the children for school periods, defendant had the children for non-school periods, and the noncustodial parent had the children for parenting time consistent with the Friend of the Court's parenting time schedule.

In June of 2015, defendant filed a motion to change custody based on a change of circumstances. Primarily, defendant cited TF's medical conditions and his recent increase in hospitalizations, arguing that it would be in his best interests to be closer to the University of Michigan where he principally receives care. The trial court held a hearing on defendant's motion over the course of two days. From these proceedings, it appears undisputed that TF is best cared for at the University of Michigan Hospital where he has regular appointments and where he also has been hospitalized on numerous occasions. Defendant lives within minutes of this facility, whereas plaintiff lives over 200 miles away and, in emergency situations, TF has often been transported, by means of helicopter, plane or ambulance, from the medical facility near plaintiff to the University of Michigan Hospital. Further, defendant testified that, in recent months, TF had increased hospitalizations due to increased and unexplained seizures. Plaintiff conceded in his testimony that TF's medical conditions cannot be fully addressed at the medical facility near Alpena.

Based on this evidence, at the conclusion of the hearing, the court granted defendant's motion to modify custody, explaining:

> [I]t's clearly in the best interest of [TF] to be near his medical provider. His emergency transports, in my opinion, lengthen the hospital stays as they've been getting longer as he's developed these other conditions and had to stay in the hospital longer. His physical condition appears to be worsening. He's experiencing more hospitalizations. . . . [I]t's clearly in his . . . best interest to—at this point anyway, to be near his primary provider.

In ordering that CF be relocated as well, the court explained as follows: "[CF] probably feels, even with [TF], isolated because of [TF's] condition. [CF] probably doesn't understand the global problems that [TF] has. [CF] reads to him. [CF] plays with him. If [CF] were apart from him, I think that would be long-term injurious for [CF]. . . ."

Ultimately, the court ordered a change in primary custody in favor of defendant and gave plaintiff parenting time during the summer months, all spring school breaks, and most of the Christmas break. The court noted that it would order a resumption of split custody if plaintiff relocates to Washtenaw County within a reasonable time. Plaintiff now appeals as of right.

## II. ANALYSIS

On appeal, plaintiff argues that the trial court erred because it did not make any ruling regarding the children's established custodial environment, it failed to make specific findings as to the statutory best-interest factors, and it allowed defendant to introduce impermissible hearsay evidence under MRE 803(6) (the business records exception).

### A. STANDARDS OF REVIEW

-2-

All custody orders must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue. MCL 722.28; *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). "Under this standard, a reviewing court should not substitute its judgment on questions of fact unless the factual determination clearly preponderates in the opposite direction." *Pierron*, 486 Mich at 85 (internal quotation marks and citation omitted). The trial court's discretionary rulings, such as custody determinations, are reviewed for palpable abuse of discretion, which occurs "when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Sulaica v Rometty*, 308 Mich App 568, 577; 866 NW2d 838 (2014).

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *In re Brown/Kindle/Muhammad Minors*, 305 Mich App 623, 629; 853 NW2d 459 (2014). In this context, "[a]n abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Id.* (citation and quotation marks omitted).

## B. ESTABLISHED CUSTODIAL ENVIRONMENT

On appeal, plaintiff first argues that the trial court erred because it did not make any ruling regarding the children's established custodial environment. Pursuant to MCL 722.27, "a trial court is required to determine whether there is an established custodial environment with one or both parents before making *any* custody determination." *Kessler v Kessler*, 295 Mich App 54, 61; 811 NW2d 39 (2011).[1] In particular, in relevant part, MCL 722.27 states:

> The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. . . . [MCL 722.27(1)(c).]

---

[1] To change or modify a custody order, before deciding whether there is an established custodial environment, the court must also make a finding of proper cause or a change in circumstances. See *Pierron v Pierron*, 282 Mich App 222, 243-244; 765 NW2d 345 (2009). For purposes of this appeal, plaintiff indicates that it may be assumed that proper cause and/or a change in circumstance were shown in this case. In any event, having reviewed the lower court record, in light of TF's increasing medical needs as set forth at the hearing, we see nothing erroneous in the trial court's finding of a proper cause or a change in circumstance. See generally *Vodvarka v Grasmeyer,* 259 Mich App 499, 512; 675 NW2d 847 (2003).

Whether the children had an established custodial environment with one, or both parents, is a question of fact for the trial court. *Kessler*, 295 Mich App at 62. Failure to address this threshold issue constitutes clear legal error. *Id.*

In this case, contrary to plaintiff's arguments, the trial court addressed this threshold issue and determined that an established custodial environment existed with both parents. In its October 22, 2014 order, the trial court found that an established custodial environment existed with both parties. In its March 13, 2015 order, the court again stated that an established custodial environment existed in the homes of both parents such that clear and convincing evidence was required for any change. In ruling on the current motion, the court recounted what it had stated in March 2015 and then explained, "*And that's the - - the legal standard here. When there's an established custodial environment in both homes*, it has to be by clear and convincing evidence that that changes." Clearly, the trial court determined that an established custodial environment existed with both parents and the trial court also correctly recognized that it could not modify custody unless it found clear and convincing evidence that modification was in the children's best interests. Cf. *Dailey v Kloenhamer*, 291 Mich App 660, 667; 811 NW2d 501 (2011). Plaintiff's assertion that the trial court failed to consider the existence of an established custodial environment is without merit, and he is not entitled to relief on this basis.

## C. BEST-INTEREST FACTORS

Plaintiff also argues that the trial court's decision to change custody was erroneous because it did not make any findings on the record on even one of the best-interest factors for either TF or CF.

The Child Custody Act, MCL 722.21 *et seq.*, governs child custody disputes, and "makes clear that the best interests of the child control the resolution of a custody dispute between parents." *Harvey v Harvey*, 470 Mich 186, 191-192; 680 NW2d 835 (2004). Relevant to the present case, "[i]n determining whether a change of custody is in the best interests of a child, the best-interest factors set forth in MCL 722.23 are the appropriate measurement." *Riemer v Johnson*, 311 Mich App 632, 641; 876 NW2d 279 (2015). "Generally, the trial court must consider and explicitly state its findings and conclusions regarding each factor[.]" *Id.* "These findings and conclusions need not include consideration of every piece of evidence entered and argument raised by the parties." *Rittershaus v Rittershaus*, 273 Mich App 462, 475; 730 NW2d 262 (2007) (citation omitted). However, the record must be sufficient to enable this Court's review of whether the evidence clearly preponderances against the trial court's findings. *Id.*

The proper remedy for failure to set forth reviewable findings of fact regarding the best interests factors is a remand for a new child custody hearing at which the trial court must evaluate the relevant factors and place its findings regarding the best interests factors on the record. *Id.*; *Parent v Parent*, 282 Mich App 152, 157; 762 NW2d 553 (2009). On remand, the trial court may "make a determination of whether the current record is sufficient to make the proper evidentiary findings." *Rittershaus*, 273 Mich App at 475. If, in the opinion of the trial court, the current record is insufficient to make such findings, then it shall conduct a new evidentiary hearing. *Id.* The new evidentiary hearing may involve the presentation of new and "up-to-date" evidence. *Parent*, 282 Mich App at 157.

In this case, when explaining its decision to grant defendant's motion, the trial court relied entirely on TF's need to be closer to the University of Michigan Hospital. The court was understandably concerned TF's medical condition and the apparent increase in the frequency of the child's need to be taken to the U of M Hospital. However, the trial court did not expressly mention any of the specific factors under MCL 722.23 and failed to make sufficient findings to facilitate our review. Accordingly, we reverse and remand for a new custody hearing. See *Rittershaus*, 273 Mich App at 475.

## C. EVIDENTIARY ISSUE

Finally, plaintiff argues that the trial court erred when it admitted a letter written by one of TF's doctors that spoke to the desirability of TF moving closer to the U of M Hospital. We agree with plaintiff that this letter, which appears to have been prepared in anticipation of the current litigation rather than in the course of regularly conducted business activity, did not fall under the business records exception of MRE 803(6). See *Beach v State Farm Mut Auto Ins Co*, 216 Mich App 612, 620-621; 550 NW2d 580 (1996); *Price v Long Realty, Inc*, 199 Mich App 461, 467-468; 502 NW2d 337 (1993). The letter was therefore hearsay and the trial court abused its discretion by admitting this document into evidence. See MRE 801; MRE 802; *Augustine v Allstate Ins Co*, 292 Mich App 408, 431; 807 NW2d 77 (2011). On the current record, any error in this regard appears harmless in light of the parties' testimony and the properly admitted exhibit that listed all of TF's conditions. Cf. *Price,* 199 Mich App at 468. However, because this case is being remanded for a new custody hearing, we note that this document should not be considered on remand under MRE 803(6).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder