# STATE OF MICHIGAN

# COURT OF APPEALS

VANESSA OZIMEK,

        Plaintiff-Appellant,

v

LEE J. RODGERS,

        Defendant-Appellee.

FOR PUBLICATION
August 25, 2016
9:15 a.m.

No.   331726
Wayne Circuit Court
LC No.   13-109046-DC

ON REMAND

Before:  SAWYER, P.J., and HOEKSTRA and O'BRIEN, JJ.

PER CURIAM.

This case is before us on remand from our Supreme Court for further consideration of our March 8, 2016 order dismissing plaintiff's claim of appeal for lack of jurisdiction.  The Supreme Court has directed us to "issue an opinion specifically addressing the issue whether the order in question may affect the custody of a minor within the meaning of MCR 7.202(6)(a)(iii), or otherwise be appealable by right under MCR 7.203(A)."  *Ozimek v Rodgers*, ___ Mich ___ (2016) (Docket No. 153836).  We conclude that this Court does not have jurisdiction over the circuit court's order denying plaintiff's motion to change the child's school, and accordingly, dismiss plaintiff's appeal.

## I.  BASIC FACTS

Plaintiff Vanessa Ozimek and defendant Lee Rodgers, who were never married, are the parents of a son, who currently is nine years old.  The parties share joint legal and physical custody of the child pursuant to an order of July 30, 2014.  Plaintiff has primary physical custody, and defendant has parenting time every Thursday after school and every other weekend.  Defendant resides with his partner in Riverview, Michigan, and plaintiff initially resided in Taylor, Michigan.  The child was enrolled in Arno Elementary, an Allen Park school of choice,

since he became school-aged.[1] In May 2015, plaintiff and the child moved to Livonia with plaintiff's fiancé. In July 2015, plaintiff filed a motion to switch the child's school from Arno Elementary in Allen Park to Grant Elementary in Livonia.

The parties could not agree that the child should switch schools, so the court decided the dispute after attempted mediation and several evidentiary hearings. In the interim, defendant filed a motion to modify parenting time and that motion was denied. In its decision regarding the change in schools, the trial court found that an established custodial environment existed with both parents. The court opined that the change in schools would alter the established custodial environment because it would be extremely difficult for defendant to maintain his parenting time schedule. The court reasoned that it had no reason to upset the current situation, where each party provided the minor child with a stable and satisfactory home environment. The court noted several factors in its decision, including that the child had attended Arno Elementary for his entire scholastic career, that the child had many friends at that school, and that the child's relationship with his step-siblings at his father's house would suffer if he changed schools. The court further observed that if the child were to attend Livonia schools, he would attend Grant Elementary for just one year, then another school for two years, only to move to a third school.

Plaintiff filed a claim of appeal and contended that, where child custody is comprised of legal and physical components, the order denying her motion to change the child's school district was appealable as a matter of right as an order affecting the custody of a minor. This Court dismissed the appeal on the basis that the order denying a change in the child's school was not a final order affecting the custody of a minor within the meaning of MCR 7.202(6)(a)(iii).[2]

Plaintiff moved for reconsideration, arguing in part that the denial of her motion affected the child's legal custody—a parent's decision-making authority regarding the important decisions concerning a child. This Court denied the motion for reconsideration.[3]

Plaintiff appealed to our Supreme Court. The Michigan Coalition of Family Law Appellate Attorneys and the Legal Services Association of Michigan filed an amici curiae brief asking for a ruling that postjudgment orders deciding education issues between joint legal custodians are appealable by right under MCR 7.202(6)(a)(iii). The Supreme Court issued an order vacating this Court's order of dismissal and remanding for further consideration. The order provides, in pertinent part:

---

[1] The parties chose Arno because they were living in nearby districts with what they believed were inferior school systems, so the child always has attended school in a district where neither parent lives.

[2] *Ozimek v Rodgers*, unpublished order of the Court of Appeals, entered March 8, 2016 (Docket No. 331726).

[3] *Ozimek v Rodgers*, unpublished order of the Court of Appeals, entered April 22, 2016 (Docket No. 331726).

On remand, we DIRECT the Court of Appeals to issue an opinion specifically addressing the issue whether the order in question may affect the custody of a minor within the meaning of MCR 7.202(6)(a)(iii), or otherwise be appealable by right under MCR 7.203(A). If the Court of Appeals determines that the Wayne Circuit Court Family Division's order is appealable by right, it shall take jurisdiction over the plaintiff-appellant's claim of appeal and address its merits. If the Court of Appeals determines that the Wayne Circuit Court Family Division's order is not appealable by right, it may then dismiss the plaintiff-appellant's claim of appeal for lack of jurisdiction, or exercise its discretion to treat the claim of appeal as an application for leave to appeal and grant the application. See *Varran v Granneman (On Remand),* 312 Mich App 591 (2015), and *Wardell v Hincka,* 297 Mich App 127, 133 n 1 (2012).

We do not retain jurisdiction. [*Ozimek v Rodgers*, ___ Mich ___ (2016) (Docket No. 153836).]

## II. STANDARD OF REVIEW

Whether this Court has jurisdiction over an appeal is an issue of law subject to de novo review. *Wardell v Hincka*, 297 Mich App 127, 131; 822 NW2d 278 (2012). Likewise, the interpretation of a court rule is a question of law that receives de novo review. *Estes v Titus*, 481 Mich 573, 578–579; 751 NW2d 493 (2008).

## III. JURISDICTION UNDER MCR 7.202(6)(a)(iii) AND MCR 7.203(A)

Jurisdiction here invokes two court rules, MCR 7.202 and MCR 7.203. This Court relies on the following principles when interpreting a court rule:

The rules of statutory interpretation apply to the interpretation of court rules. The goal of court rule interpretation is to give effect to the intent of the drafter, the Michigan Supreme Court. The Court must give language that is clear and unambiguous its plain meaning and enforce it as written. Each word, unless defined, is to be given its plain and ordinary meaning, and the Court may consult a dictionary to determine that meaning. [*Varran v Granneman (On Remand)*, 312 Mich App 591, 599; 880 NW2d 242 (2015) (citations omitted).]

Addressing first MCR 7.203(A)(2), the rule indicates that this Court has jurisdiction of an appeal from an order of a court or tribunal from which an appeal by right to this Court has been established by law or court rule. No law or court rule establishes an appeal by right to this Court from an order denying a change in a child's school, so MCR 7.203(A)(2) does not apply.

The question then becomes whether jurisdiction exists under MCR 7.203(A)(1), which provides an appeal by right from an order that meets the definition of a "final order" under MCR 7.202(6). Subpart (a) of that court rule includes the following definitions of a final order in a civil case:

(i) the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order

* * *

(iii) in a domestic relations action, a postjudgment order affecting the custody of a minor . . . . [MCR 7.202(6)(a)(i) and (iii).]

MCR 7.202(6)(a)(i) does not apply here. The current order being appealed does not dispose of all the claims and rights of the parties, but merely denies plaintiff's motion to change the minor child's school.[4] It is not a final order under MCR 7.202(6)(a)(i).

We next consider whether the order denying the motion to change the child's school is an order "affecting the custody of a minor" within the meaning of MCR 7.202(6)(a)(iii). We begin by examining the origin of the language in the court rule. Before 1994, MCR 7.203, the court rule governing this Court's jurisdiction over appeals by right, did not limit appeals by right in domestic relations matters. It provided that this Court had jurisdiction over a final order of the circuit court without limiting orders in domestic relations cases.[5] In 1994, our Supreme Court amended MCR 7.203 to provide that a final order did not "include an order entered after judgment has been entered in a domestic relations action, except for an order affecting the custody of a minor."[6] The staff comment to the February 1994 Amendment indicates that the court rule change "eliminates appeals of right as to certain types of judgments or orders. . . . In domestic relations cases, the only postjudgment orders that will be appealable by right are those involving the custody of minors." See comment, MCR 7.203(A)(1). In light of the restricting language, it is apparent that our Supreme Court intended to reduce the types of domestic relations cases from which a litigant could claim an appeal by right.

To support her argument that the court rule should be interpreted to include the denial of a motion to change a child's school, plaintiff relies on *Lombardo v Lombardo*, 202 Mich App 151, 152; 507 NW2d 788 (1993), in which the appellant mother challenged the trial court's decision not to enroll the child in a program for gifted students. *Lombardo*, however, is not helpful here where the claim of appeal in *Lombardo* was filed in 1991, before the current version

---

[4] The first final order was the July 2014 order awarding the parties joint legal and physical custody of the child.

[5] In 1993, MCR 7.203(A) provided that appeals by right could be filed from "(1) a final judgment or final order of the circuit court, court of claims, and recorder's court, except a judgment or order of the circuit court or recorder's court on appeal from any other court; or (2) a final judgment or order of a court or tribunal from which appeal of right to the Court of Appeals has been established by law."

[6] In 2002, the provision was removed from MCR 7.203 and added to MCR 7.202(6)(a)(iii) (see staff comment to MCR 7.203).

of the court rule limiting appeals of right to those postjudgment orders affecting custody, and the *Lombardo* decision contains no discussion of the language at issue in this case.

Plaintiff also cites *London v London*, unpublished opinion per curiam of the Court of Appeals, issued October 13, 2015 (Docket No. 325710), to bolster her position that the order in this case is a final order. The Court in *London* noted a long history of treating orders regarding school and custody as appealable by right, citing several cases. For example, in *Parent v Parent*, 282 Mich App 152, 153; 762 NW2d 553 (2009), the appellant mother challenged the trial court's order changing the child's school from home-schooling with her to public school because it would directly impact the amount of time she spent with the child. In contrast, the court's order here did not change the child's school, nor did it directly impact the amount of either parent's parenting time. Where the order does not change the amount of time spent between the child and either parent, it simply cannot be said to have affected custody. Also, *London* cited *Pierron v Pierron*, 282 Mich App 222; 765 NW2d 345 (2009), aff'd 486 Mich 81 (2010), in which the appellant mother appealed the trial court's order refusing to change the children's school district to a new district 60 miles away because it would have changed the appellee's parenting time.[7] In contrast, the trial court's decision here did not impact the amount of parenting time or the number of overnights with either parent.

In *London*, the trial court denied the defendant's motion to modify parenting time, a decision that implicated the number of overnights and thus directly affected where and with which parent the children would stay. The *London* court further observed—unnecessarily, in that it had already determined that the order affected custody—that a *change* in school districts would seem to affect custody. *Id.*, slip op at 1-2 (emphasis added). The Court stated that "[s]uch a change obviously impacts where the children will attend school. It also affects whether they will attend latchkey, how far they will travel to school, whether they will attend the same school as their stepsiblings, and whether they will attend a school in the community in which they reside most school nights." *Id.*, slip op at 2. In this case, the trial court denied the motion to change school districts. The court's decision did not change the number of overnights, nor did it change the child's school. Although that decision obviously impacts where the child will attend school, it is not an order "affecting custody" of the child.

Plaintiff also cites *Grange Ins Co of Mich v Lawrence,* 494 Mich 475, 511; 835 NW2d 363 (2013),[8] which noted that the Child Custody Act distinguishes between physical custody (the location where the child resides) and legal custody (the decision-making authority regarding important decisions relating to the child's welfare). Compare MCL 722.26a(7)(a) with MCL 722.26a(7)(b). That the concept of custody can involve physical and legal elements does not

---

[7] *Pierron* initially was dismissed for lack of jurisdiction on the ground that the order did not affect the custody of the minors, but this Court reinstated the claim of appeal upon reconsideration.

[8] *Grange* was not a domestic relations case. The question before this Court in *Grange* was whether a child of divorced parents can be "domiciled" in more than one location for purposes of receiving benefits under the no-fault act.

mean, however, that this Court should assume that the term custody in MCR 7.202(6)(a)(iii) invokes both facets.

Whether a trial court's ruling regarding school choice is reviewable by this Court is not in dispute. Rather, the question here is a procedural one: whether the dispute over school choice is reviewable as a matter of right, or whether it is required to be brought by application. Parents have the right to control the education of their children, see *Ryan v Ryan*, 260 Mich App 315, 333; 677 NW2d 899 (2004), so it follows that the choice of a child's school is an important decision affecting the welfare of a child. But in the absence of express language describing "custody," this Court must determine whether that term incorporates legal custody as well as physical custody.

In interpreting the rule, this Court must give effect to the Supreme Court's intent within MCR 7.202(6)(a)(iii). See *Varran*, 312 Mich App at 599. As noted, before the 1994 amendment, MCR 7.203 did not restrict appeals by right in domestic relations matters. The amendment limited claims of appeal such that the only postjudgment orders in domestic relations cases appealable by right are those involving the custody of minors. When the Supreme Court amended the rule in 1994, it clearly intended to limit orders appealable by right. To interpret the court rule as appellant proposes would be counter to that obvious intent. Reinforcing that conclusion is the fact that the court rule does not expressly indicate that it includes the concept of "legal" custody. Had the Supreme Court intended for the court rule to include "legal" custody, it would have included the term. Absent that specific language, this Court should not broadly interpret the court rule.

This Court has not traditionally included legal custody considerations in the interpretation of MCR 7.202(6)(a)(iii) and has dismissed for lack of jurisdiction cases challenging school choice decisions that do not alter parenting time and thus do not influence where the child will live.[9] This Court, however, has not always been consistent in its dismissal of cases involving a choice of schools. For instance, *Mellema v Mellema*, unpublished opinion per curiam of the Court of Appeals, issued April 21, 2016 (Docket No. 329206), involved a motion to change the children's school district in the broader context of the plaintiff's move from Fremont to Grandville (roughly 40 miles apart). In its decision, the *Mellema* Court concluded that, in general, a party may appeal by right an order regarding the denial of a motion to change school districts, citing *Varran's* reference to legal custody. *Id.*, slip op at 5-7. Given the lack of clarity regarding whether legal custody should be included in the definition of custody in MCR 7.202(6)(a)(iii), we urge our Supreme Court to weigh in on the issue. Further, should practitioners wish to promote an expanded court rule, our Supreme Court would be the proper venue for that request.

---

[9] Two examples of such cases include those cited by appellant, *Goriee v Daud-Goriee*, unpublished order of the Court of Appeals, entered March 4, 2015 (Docket No. 326227), and *Tison v Tison*, unpublished order of the Court of Appeals, entered March 4, 2015 (Docket No. 326158).

Until such time as the court rule is clarified, however, we opine that the addition of legal custody in the custody definition in MCR 7.202(6)(a)(iii), as championed by plaintiff, would so broaden the court rule that few, if any, postjudgment orders in domestic relations cases would be exempt. With regard to a change in schools, this issue could arise every new school year.[10] As well, an argument could be made that child support orders affect the decision-making authority regarding important decisions relating to the child's welfare, so those orders also would be appealable by right. Legal custody could be implicated in countless decisions regarding a child, such as which vaccinations a child should receive, which parent should pay for a psychologist fee, which daycare center a child should attend, which party should pay for the child's transportation to parenting time, or whether the child should be enrolled in football. If legal custody is included in the definition in MCR 7.202(6)(a)(iii), parents conceivably could challenge orders that change the home environment in any way. Using legal custody as a basis for this Court's jurisdiction would permit a far-reaching array of cases to be appealed by right to this Court. This Court has made considerable progress since the 1994 court rule amendment to eliminate the crushing backlog of appeals and to decrease the time in which appeals are resolved. If all orders involving legal custody issues are to be appealable by right and receive the same priority status as actual custody disputes, this Court's forward progress in expediently resolving appeals will be swiftly thwarted.

## IV. CONCLUSION

This Court does not have jurisdiction over this case, given that an order denying a motion to change schools is not an order affecting the custody of a minor within the meaning of MCR 7.202(6)(a)(iii). Further, we decline to exercise our discretion to treat the claim of appeal as an application for leave to appeal and grant the application, *Pierce v City of Lansing,* 265 Mich App 174, 183; 694 NW2d 65 (2005), and instead dismiss the claim for lack of jurisdiction.

Dismissed.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Colleen A. O'Brien

---

[10] In this case, provided the child continues to attend Arno Elementary, the issue will arise again at the conclusion of the 2017-2018 school year, when the child will complete his fifth grade year and graduate from Arno Elementary.