STATE OF MICHIGAN
COURT OF APPEALS

CYNTHIA SUE ANDERSON,

       Plaintiff-Appellant,

v

KYLE MARTIN ANDERSON,

       Defendant-Appellee.

UNPUBLISHED
November 1, 2016

No. 329133
Chippewa Circuit Court
Family Division
LC No. 08-009836-DM

Before: RIORDAN, P.J., and SAAD and MARKEY, JJ.

PER CURIAM.

Plaintiff appeals by right from an order of the trial court increasing defendant's parenting time with the parties' son, NMA. We remand for further proceedings.

We must affirm all custody orders "unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or [made] a clear legal error on a major issue." MCL 722.28. "Under the great weight of the evidence standard, this Court defers to the trial court's findings of fact unless the trial court's findings 'clearly preponderate in the opposite direction.' " *Corporan v Henton*, 282 Mich App 599; 605-606, 766 NW2d 903 (2009) (citation omitted). Thus, a trial court's findings regarding the existence of an established custodial environment and each custody factor will be affirmed unless the evidence clearly preponderates in the opposite direction. *Phillips v Jordan*, 241 Mich App 17, 20, 614 NW2d 183 (2000). Whether the trial court complied with the Child Custody Act (CCA), MCL 722.21 *et seq.*, is analyzed for clear legal error. MCL 722.28; *Sulaica v Rometty*, 308 Mich App 568, 577; 866 NW2d 838 (2014).

First, plaintiff argues that the trial court erred in failing to make required findings regarding NMA's established custodial environment and in concluding that the change in parenting time did not alter his established custodial environment. We agree.

The CCA governs parenting time changes. *Demski v Petlick*, 309 Mich App 404, 440; 873 NW2d 596 (2015). The burden that must be met to change parenting time hinges on whether the change alters a child's established custodial environment. *Mogle v Scriver*, 241 Mich App 192, 197; 614 NW2d 696 (2000). Therefore, the threshold question is whether a child has an established custodial environment, which arises " 'if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of

life, and parental comfort' . . . consider[ing] the 'age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship . . . .' " *In re AP*, 283 Mich App 574, 601; 770 NW2d 403 (2009), quoting MCL 722.27(1)(c) (alterations added). Such an environment can exist with one parent or both. *Id*. at 601-602.

In this case, the trial court clearly erred in failing to consider whether its expansion of defendant's parenting time modified NMA's established custodial environment. Although the trial court stated in August 2015 that the changes being made to parenting time were not changing the established custodial environment, the trial court never clearly stated whether NMA had an established custodial environment with plaintiff, defendant, or both. In failing to do so, the trial court failed to answer the threshold question of what burden was required to change NMA's parenting time. Nonetheless, this error was harmless.

The record is clear that before May 2015, an established custodial environment regarding NMA existed solely with plaintiff. As of April 30, 2008, plaintiff had sole physical custody of NMA. In 2008, defendant had no specific, court ordered parenting time. In 2009, defendant had "reasonable periods of parenting time as agreed by the parties," but there is no evidence that defendant exercised parenting time on any specific date or on any consistent schedule. In 2010, there were fewer than 20 court ordered parenting-time days between NMA and defendant. The record contains no evidence of any court ordered parenting time in 2011 between father and son, and the Friend of the Court described defendant's contact with NMA as "sporadic at best."

It is unclear how much parenting time defendant exercised in 2012. In mid-2012, defendant received parenting time from Friday to Sunday on every other weekend, but defendant claimed that the parties were not following the order by late 2012. Instead, defendant was apparently granted parenting time for three out of every ten days he spent in Michigan for the later part of 2012. In 2013, there is only evidence of four court ordered days of parenting time. The trial court ordered additional parenting time for defendant in 2014, but all the court ordered parenting time did not occur. The schedule was first altered because defendant's work schedule changed. And according to defendant, the parties stopped following the order by July 2014. Finally, before the May 20, 2015 parenting-time order was entered, NMA only spent five days, including three overnights, with defendant in 2015.

On May 20, 2015, the trial court ordered that defendant receive seven- to 14-day monthly blocks of parenting time over the next year. Significantly, the order set up a graduated plan to increase the amount of time NMA would spend alone with defendant, including a steady increase in the amount of overnight visits. Thus, NMA was put into a situation where he would need to rely on defendant "for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c).

But despite the fact that the circumstances of NMA's care had changed, an established custodial environment with defendant had not taken root and existed for an "appreciable time," particularly in light of the amount of time the child had looked only to plaintiff "for guidance, discipline, the necessities of life, and parental comfort." Indeed, the graduated schedule put into place recognizes that such an environment needed to be cultivated and needed to be done with an eye on doing so in a manner that would not overwhelm NMA. So, clearly, the established custodial environment was with plaintiff.

-2-

Second, plaintiff argues that the trial court clearly erred in failing to make factual findings of proper cause or a change in circumstances and that neither condition existed so as to justify the parenting-time modification. Again, we agree but find the error harmless.

A parenting-time modification that alters an established custodial environment may only occur for "proper cause" or a "change of circumstances." *Shade v Wright*, 291 Mich App 17, 22; 805 NW2d 1 (2010), quoting MCL 722.27(1)(c). Because the record shows that NMA only had an established custodial environment with plaintiff, defendant, the noncustodial parent, bore the burden to show by clear and convincing evidence that a change of the custodial environment was in NMA's best interests. *In re AP*, 283 Mich App at 601. "[P]roper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Vodvarka v Grasmeyer*, 259 Mich App 499, 511; 675 NW2d 847 (2003). Further, the proper cause must be connected to a best-interest factor under MCL 722.23. *Id*. A change in circumstances means that since the entry of the last parenting time or custody order, "the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed" in some manner "more than normal life changes (both good and bad) that occur during the life of a child . . . ." *Id*. at 513-514 (emphasis in original).

A trial court should state on the record its findings regarding proper cause or a change of circumstances sufficient to justify an alteration of an established custodial environment. See *Mitchell v Mitchell*, 296 Mich App 513, 518-519; 823 NW2d 153 (2012). In this case, the trial court made no finding that defendant met his burden to prove that a proper cause or change of circumstances justified altering NMA's established custodial environment. But this error was harmless because the record did not show by clear and convincing evidence that a change NMA's custodial environment was in his best interests.

Defendant requested additional parenting time in Minnesota for his own benefit and his family's benefit, explaining that he wanted NMA to "see . . . where [he] live[d] and the way [he does] things[ a]nd be able to enjoy [defendant's] family." On rehearing, defendant again requested Minnesota parenting time for his and his family's benefit.

Further, defendant's desire to have NMA connect with his life and family in Minnesota does not constitute a new or different situation since the entry of the last parenting time order. *Vodvarka*, 259 Mich App at 513-514. Defendant testified at the May 20, 2015 hearing that he had been "placed back in Minnesota . . . for the last five years." Therefore, defendant's home in Minnesota did not constitute a material change in NMA's or defendant's life since the last parenting-time order, which the trial court had entered one month earlier.

Finally, plaintiff argues that the trial court erred in failing to consider whether the change was in NMA's best interests. A "child's best interests govern a court's decision regarding parenting time." *Shade*, 291 Mich App at 31; see also MCL 722.27a(1). When parenting time is altered, the trial court must consider the best-interest factors articulated under MCL 722.23 and MCL 722.27a(6). *Shade*, 291 Mich App at 31-32.

The *Shade* Court explained that the trial court need not "explicitly address the best interest factors in MCL 722.23 . . . [if a] modification of parenting time [does] not result in a

change of custody." *Id.* at 32. On the other hand, if a parenting time change alters the child's established custodial environment, thereby equating to a custody change, the parenting time change "require[s] findings under all of the best interest factors" under MCL 722.23. *Id.* at 31-32. But if the change in parenting time does not alter the child's established custodial environment, the trial court may make "findings only on the contested issues." *Id.*; see also *Sturgis v Sturgis*, 302 Mich App 706, 710; 840 NW2d 408 (2013). However, the trial court must make explicit factual findings regarding the relevancy and the applicability of each factor. *Pierron v Pierron*, 486 Mich 81, 91; 782 NW2d 480 (2010).

As for MCL 722.26a(6), because it only directs that a "court *may consider*" the listed factors, similar findings need not be made. Nonetheless, a court must make reviewable findings of fact regarding relevant contested factors, even if only implicitly rendered. *Shade*, 291 Mich App at 31-32; *Parent v Parent*, 282 Mich App 152, 156-157; 762 NW2d 553 (2009).

In this case, the trial court failed to make reviewable findings of fact regarding whether a modification of defendant's parenting time was in NMA's best interests under MCL 722.23 and MCL 722.27a(6). The trial court only referenced one contested best-interest factor, MCL 722.23(j), "[t]he willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents," but did not indicate that this was the only contested factor. In fact, the court's reference to the factor was made in the context of a reprimand of plaintiff on the continuing animosity between the parties and how that impacts NMA.

Given the conflicting testimony presented below and crediting the court's superior position to assess witness credibility (particularly in light of its experience with the parties throughout these contentious proceedings), we remand for the trial court to consider the relevant best-interest and parenting time factors and any other relevant matters discussed herein.

We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Jane E. Markey

-4-