# STATE OF MICHIGAN

# COURT OF APPEALS

DOUGLAS SCOTT DUBIN,

Plaintiff-Appellee,

v

CONTESSA LYNN FINCHER,

Defendant-Appellant.

UNPUBLISHED
August 7, 2018

No. 339175
Washtenaw Circuit Court
LC No. 12-000833-DM

ON REMAND

Before: MURPHY, P.J., and SAWYER and BECKERING, JJ.

PER CURIAM.

The last time this domestic relations action was before the Court, we dismissed defendant's claim of appeal for lack of jurisdiction because we concluded that the trial court's postjudgment order denying defendant's motion for expanded parenting time and a reunification plan did not affect the custody of a minor, and thus, it was not a final order for purposes of MCR 7.202(6)(a)(*iii*) and MCR 7.203(A)(1).[1] Thereafter, the Michigan Supreme Court considered defendant's application for leave to appeal, and in lieu of granting leave, it vacated our judgment and remanded the case for "reconsideration in light of *Marik v Marik*, 501 Mich 918 (2017), 903 NW2d 194 (2017), and *Royce v LaPorte*, unpublished per curiam opinion of the Court of Appeals, issued May 8, 2018 (Docket Nos. 337549 and 340354)."[2] Having considered *Marik* and *Royce* and their impact on this claim of appeal, we again conclude that the postjudgment order at issue was not a final order as defined by MCR 7.202(6)(a)(*iii*), and thus, this Court lacks jurisdiction. Defendant did not seek a change that affected either legal or physical custody, and her motion regarding parenting time did not seek a change that would affect the child's established custodial environment.

---

[1] *Dubin v Fincher*, unpublished opinion of the Court of Appeals, issued January 30, 2018 (Docket No. 339175).

[2] *Dubin v Fincher*, ___ Mich ___; 912 NW2d 556 (Mem) (Docket No. 157369, issued June 20, 2018).

-1-

As we noted in our last opinion, this case took a convoluted path to our docket. On July 11, 2017, defendant filed both an application for leave to appeal (Docket No. 339172) and this claim of appeal of right (Docket No. 339175) from the same trial court order. The briefs defendant filed in each appeal appear to be identical and raise the exact same issues. Essentially, defendant was covering her bases by filing both a claim of appeal and an application for leave to appeal. Defendant's application for leave to appeal was presented to a motion panel of this court, which reviewed defendant's appellate issues and entered an order denying the application "for lack of merit in the grounds presented."[3]

In his appellate brief in the instant appeal, being round two, plaintiff argued that this Court lacks jurisdiction on the claim of appeal because the postjudgment order at issue is not a final order as defined by MCR 7.202(6)(a)(*iii*). On December 19, 2017, we ordered defendant to file a supplemental brief addressing this jurisdictional issue.[4] We also allowed plaintiff to file a supplemental brief. *Id*. After reading both parties' supplemental briefs, as well as defendant's reply to plaintiff's supplemental brief, we concluded that the order appealed from does not affect custody and is not a final order appealable by right; therefore, this Court dismissed the claim of appeal for lack of jurisdiction pursuant to MCR 7.203(A)(1).

The interpretation of a court rule and whether this Court has jurisdiction over an appeal are questions of law subject to review de novo. *Id*. at 58. The question of jurisdiction in this case rests on interpretation of MCR 7.202(6)(a)(*iii*) and MCR 7.203. Interpretation of a court rule follows the same general rules of statutory interpretation; therefore:

> The goal of court rule interpretation is to give effect to the intent of the drafter, the Michigan Supreme Court. The Court must give language that is clear and unambiguous its plain meaning and enforce it as written. Each word, unless defined, is to be given its plain and ordinary meaning, and the Court may consult a dictionary to determine that meaning. [*Varran v Granneman (On Remand)*, 312 Mich App 591, 599; 880 NW2d 242 (2015) (citations omitted).]

The relevant portion of MCR 7.203(A)(1) provides for this Court's exercise of jurisdiction over an appeal of right filed from "[a] final judgment or final order of the trial court or court of claims, as defined in MCR 7.202(6)."[5] A "final judgment" or "final order" in a domestic relations matter is "a postjudgment order affecting the custody of a minor." MCR 7.202(6)(a)(*iii*). Michigan recognizes both physical custody and legal custody. *Madson v Jaso*, 317 Mich App 52, 64; 893 NW2d 132 (2016). "Physical custody pertains to where the child shall physically 'reside,' whereas legal custody is understood to mean decision-making authority as to important decisions affecting the child's welfare." *Varran*, 312 Mich App at 604 (quotation

---

[3] *Dubin v Fincher*, unpublished order of the Court of Appeals, entered October 25, 2017 (Docket No. 339172).

[4] *Dubin v Fincher*, unpublished order of the Court of Appeals entered December 19, 2017 (Docket No. 339175).

[5] There are two exceptions to this provision, neither of which applies here.

marks and citation omitted). With regard to parenting time, "[w]hen a motion addresses the amount of time a parent spends with a child such that it would potentially cause a change in the established custodial environment (ECE),[6] an order regarding that motion is a final order under MCR 7.202(6)(a)(*iii*)." *Id.* at 603-604.

As the Supreme Court's remand order in this case illustrates, there have been recent developments regarding whether an order resolving a legal custody issue is a "postjudgment order affecting custody" appealable by right. On July 12, 2016, this Court dismissed a party's claim of appeal for lack of jurisdiction on the grounds that the order appealed from denying the defendant-father's request to change the children's school enrollment "cannot be considered an order affecting the custody of a minor under MCR 7.202(6)(a)(*iii*)" and therefore, it was not a final order under MCR 7.203(A)(1). *Marik v Marik*, unpublished order of the Court of Appeals, issued July 12, 2016 (Docket No. 333687). On August 25, 2016, this Court issued a published opinion holding that "an order denying a motion to change schools is not an order affecting the custody of a minor within the meaning of MCR 7.202(6)(a)(*iii*)." *Ozimek v Rogers*, 317 Mich App 69, 81; 893 NW2d 125 (2016). On November 16, 2017, the Michigan Supreme Court issued a memorandum opinion vacating this Court's order in *Marik* and overruling *Ozimek*, stating, "*Ozimek* erred in concluding that the term 'custody' in MCR 7.202(6)(a)(*iii*) does not comprise the concept of legal custody." *Marik v Marik*, 501 Mich 918; 903 NW2d 194 (2017).[7] The Supreme Court remanded *Marik* to this Court with instructions to determine whether the trial court's order denying the father's request to change the child's school enrollment and modifying parenting time was "a postjudgment order affecting the custody of a minor" and, therefore, was appealable by right under MCR 7.203(A)(1). *Id*. In doing so, this Court was to apply the standard applicable prior to *Ozimek*. *Marik* has no impact on our jurisdictional ruling in the instant appeal, however, because the order at issue does not involve a question of legal custody.

In *Royce*, this Court determined that the two postjudgment orders appealed, one being a motion for "parenting time and other matters," and the other being a subsequent motion for parenting time, were appealable as a matter of right because the defendant was seeking to expand parenting time with the minor child at issue to a " '50/50 parenting time schedule' or, in other words, to the child spending equal time with each party.' " *Royce*, unpub op, pp 1- 2. This was against a background of the defendant having parenting time only two days a week under the trial court's prior order. *Id*. Thus, this Court determined that the orders denying defendant's motions affected custody because defendant's motion "actually constituted a motion seeking a change from plaintiff having primary physical custody of the parties' child to the parties sharing equal physical custody." *Id*.

---

[6] An ECE exists where, over an appreciable time, "the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c).

[7] The Supreme Court order also noted that the Court had opened an administrative file, ADM File No. 2017-20, to consider amending MCR 7.202(6)(a)(*iii*).

At issue in determining whether this Court has jurisdiction over defendant's claim of appeal is whether the trial court's order affects either physical custody or legal custody. It does not involve "decision-making authority as to important decisions affecting the child's welfare," such as where the child will attend school. And even if defendant's motion before the trial court had been granted, it would not have affected physical custody. Defendant requested expanded, unsupervised, non-overnight parenting time and a "reunification plan." She did not request a specific parenting-time schedule, but merely asserted, "it is time to normalize parenting time as anticipated by this court." Thus, the dispositive issue is whether the trial court's order denying these requests "affect[] the custody of a minor" by potentially causing a change in the established custodial environment (ECE). We conclude that it does not.

Although the trial court did not address the issue, the record clearly supports a determination that the child's established custodial environment is with plaintiff, who has sole legal and physical custody of the minor child. Pursuant to a December 15, 2015 parenting-time consent order, defendant received one hour of parenting time every 14 days at a psychologist's office and under the psychologist's supervision.[8] Following a review hearing, the trial court issued a March 31, 2016 order continuing the same parenting time arrangements. On May 11, 2017, defendant filed a motion essentially asking for three things: expanded, unsupervised parenting time, an evidentiary hearing ("if necessary"), and a "reunification plan." Defendant asserted that prior to the December 15, 2015 parenting-time order, she had had 30 parenting-time visits at Catholic Social Services (CSS) "with virtually no interventions or complaints from CSS about her conduct," but from January 30, 2016 until April 2017, she had had only 25 one-hour visits in the psychologist's office. Defendant asserted that the present parenting time schedule did not support or promote a strong mother-son relationship as required by MCL 722.27a,[9] that there was proper cause to expand parenting time, and that expansion of parenting time would not change the established custodial environment, especially since it would not include any overnights. The order appealed from denied defendant's request for expanded parenting time and a "reunification plan" on the ground that defendant failed to make the threshold showing necessary for a court to revisit a parenting-time order. Specifically, defendant failed to submit evidence adequately supporting her assertions that changes she had made in her life addressed and managed her mental health issues and that the current state of her mental health constituted proper cause or a change in circumstances to modify the order. There is no evidence indicating that the modification defendant requested in her motion had the potential to change the ECE. Because the postjudgment order in no way affects physical, legal custody, or the ECE, it is not a "final order" pursuant to MCR 7.202(6)(a)(*iii*).

---

[8] The record reveals that defendant struggles from a variety of mental health issues and that custody and parenting time have been determined by the court based on defendant's conduct around the child and how that conduct affects the child's wellbeing and best interests.

[9] "Parenting time shall be granted in accordance with the best interests of the child. It is presumed to be in the best interests of a child for the child to have a strong relationship with both of his or her parents. . . ." MCL 722.27a(1).

Even if we were to deem the trial court's order as appealable of right, based on our review of the record, we would agree with the assessment of the Court of Appeals panel that reviewed defendant's application for leave, and we would affirm the trial court's ruling denying defendant's motion.

Dismissed.


/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Jane M. Beckering