*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Guardianship of NICHOLAS NAYAK.

LUKE JONATHAN NAYAK,

        Petitioner-Appellee,

and

KATHLEEN M. CARTER, Guardian of
NICHOLAS NAYAK, a Legally Incapacitated
Person, ZACHARY NAYAK, and DAVID NAYAK,

        Appellees,

v

NICHOLAS NAYAK, a Legally Incapacitated
Person,

        Respondent-Appellant.

UNPUBLISHED
January 12, 2023

No. 362237
Washtenaw Probate Court
LC No. 21-000341-GA

*In re* Conservatorship of NICHOLAS NAYAK.

LUKE JONATHAN NAYAK,

        Petitioner-Appellee,

and

KATHLEEN M. CARTER, Conservator of
NICHOLAS NAYAK, a Legally Incapacitated
Person, ZACHARY NAYAK, and DAVID NAYAK,

        Appellees,

-1-

v

NICHOLAS NAYAK, a Legally Incapacitated
Person,

        Respondent-Appellant.

No. 362303
Washtenaw Probate Court
LC No. 21-000342-CA

Before: GLEICHER, C.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

In these consolidated appeals,[1] respondent, Dr. Nicholas Nayak, a legally incapacitated person, appeals by right the probate court's orders denying his request to terminate the guardianship and conservatorship of Kathleen M. Carter. Because we conclude that respondent's claims are moot, we dismiss the appeal.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In March 2021, respondent's son petitioned for the appointment of a guardian and conservator on the basis that cognitive testing showed that respondent was suffering from moderate to severe dementia. After a hearing, the probate court appointed a guardian and a conservator. Ultimately, both the guardian and conservator requested to resign. The probate court subsequently appointed Carter as respondent's guardian and conservator on March 9, 2022, ordering in both his guardianship and conservatorship files that respondent was not to petition to terminate or amend his guardianship or conservatorship for six months.

In June 2022, respondent filed an emergency petition to remove Carter as his guardian and conservator. At a hearing on an unrelated matter, the probate court permitted respondent to establish why the allegations against his guardian and conservator were so egregious that it should overturn its previous order. The probate court ultimately dismissed the petition on the basis that respondent had been ordered not to file a new petition for six months and he had not made a showing to justify overriding the prior order. These appeals followed.

## II. DISCUSSION

Respondent argues that insufficient findings supported the probate court's decision because he established good cause to modify or terminate his guardianship and conservatorship. Respondent's arguments, however, do not address the probate court's reasons for dismissing his petition. Regardless, we conclude that this appeal is moot.

---

[1] *In re Nayak*, unpublished order of the Court of Appeals, entered August 9, 2022 (Docket Nos. 362237, 362303).

This Court reviews de novo whether an issue is moot. *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016). An issue is moot if this Court's decision can have no practical effect on an existing controversy, see *id.*, and a decision on the issues raised by respondent would have no practical effect on this case. If respondent were to receive the relief he believes he is entitled to, this Court would remand the case to the probate court for a hearing. See *Parent v Parent*, 282 Mich App 152, 156; 762 NW2d 553 (2009) ("If a trial court fails to make reviewable findings of fact, the proper remedy is a remand for a new hearing."). The probate court's orders precluding respondent from filing a petition for six months were entered on March 9, 2022, which is more than six months ago. Respondent is no longer precluded from filing a petition and receiving the hearing he seeks. Thus, because any decision from this Court will have no practical effect on the controversy between the parties, we conclude the appeal is moot.[2]

Appeal dismissed as moot.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica

---

[2] Additionally, respondent does not address the probate court's reasons for dismissing his petition; instead, he argues that his petition showed that good cause existed to modify or terminate his guardianship and conservatorship and that the court wrongly considered Carter's expertise. This Court need not consider an argument that does not address the basis of the lower court's decision. See *Hanlin v Saugatuck Twp*, 299 Mich App 233, 249; 829 NW2d 335 (2013) ("When an appellant fails to dispute the basis of the trial court's ruling, the Court need not consider granting the appellant the relief it seeks.").

To the extent that appellee Dr. David Nayak, respondent's son, raises additional arguments, he has not filed a cross-appeal and does not state alternative reasons to affirm. Thus, his arguments are not properly before this Court. See *Riverview v Sibley Limestone*, 270 Mich App 627, 633 n 4; 716 NW2d 615 (2006) ("Although an appellee need not file a cross-appeal to argue alternative reasons to support a judgment, to properly preserve a claim for appeal, the reasons must have been presented to the lower court.") (citation omitted). Regardless, even if the probate court improperly entered the six-month prohibition in the conservatorship case, the proper course of action would have been to appeal that order rather than to simply violate it.