MITCHELL v MITCHELL

Docket No. 306559. Submitted March 6, 2012, at Grand Rapids. Decided
    March 13, 2012. Approved for publication May 15, 2012, at 9:05 a.m.
    Leave to appeal denied, 491 Mich 940.

John E. Mitchell obtained a divorce from Kate A. Mitchell on March
    30, 2009, in the Newaygo Circuit Court, Family Division. The
    court, Graydon W. Dimkoff, J., initially granted the parties joint
    legal and physical custody of their two minor children, but six
    months later modified the parenting-time order to allow defendant
    to move with the children to Texas. In 2010, defendant moved to be
    released from a provision in the divorce judgment restricting
    overnight guests of the opposite sex in the children's presence.
    During the hearing, plaintiff accused defendant of allowing her
    boyfriend, Todd Smith, to spend the night while the children were
    present. The court ordered defendant to provide Smith's informa-
    tion to the Newaygo County Friend of the Court by a certain date
    so that a background check could be conducted. When defendant
    had not done so by the deadline, the court entered an order on
    February 15, 2011, requiring her to temporarily transfer custody
    of the children to plaintiff. Defendant appealed. Before the Court
    of Appeals issued its opinion, plaintiff moved to modify the custody
    arrangement to give him physical custody during the school year
    and defendant physical custody during the summers. After a
    two-day evidentiary hearing, the trial court orally granted the
    motion on August 26, 2011. On September 15, 2011, in an
    unpublished opinion per curiam (Docket No. 303257), the Court of
    Appeals vacated the February 15, 2011, order and remanded for
    further proceedings consistent with the Child Custody Act, MCL
    722.21 *et seq.* After a hearing on October 3, 2011, the trial court
    determined that the two-day hearing it had held in August fully
    complied with the Court of Appeals' remand order. Consequently,
    the trial court entered an order changing physical custody of the
    children exclusively to plaintiff and suspending defendant's
    parenting time. Defendant appealed.

    The Court of Appeals *held*:

    1. The trial court did not err by failing to hold a separate
hearing to establish proper cause or a change of circumstances

before the hearing to modify custody. While the first step toward modifying a custody award is to show proper cause or a change of circumstances, this determination does not necessarily require an evidentiary hearing. To establish proper cause, the moving party must establish by a preponderance of the evidence an appropriate ground that would justify the trial court's taking action. Appropriate grounds should include at least one of the 12 statutory best-interest factors and must concern matters that have or could have a significant effect on the child's life. Only after a moving party has established proper cause or a change of circumstances may the trial court reevaluate the statutory best-interest factors. In this case, the trial court expressly stated its reasons for finding that the proper-cause standard had been satisfied before proceeding with its custody-modification analysis, and it was not required to have conducted a separate hearing before revisiting its custody decision. The Court of Appeals' previous decision did not limit the trial court's consideration of any facts or circumstances; rather, it stated that the trial court had erred by not following the procedure outlined in MCL 722.27(1) and by improperly using custody as a means to punish defendant for refusing to obey the court's orders. The trial court's determination that proper cause or a change of circumstances existed to justify considering whether modification of its prior order would be in the children's best interests was not against the great weight of the evidence.

2. The trial court did not commit clear legal error on a major issue or abuse its discretion in modifying the custody order. In considering a motion to modify a custody order, if the trial court determines that an established custodial environment exists, the moving party has the burden of proving by clear and convincing evidence that the proposed modification is in the best interests of the children. To determine whether the moving party has satisfied this burden, the trial court must consider all the best-interest factors set forth in MCL 722.23. Because an established custodial relationship existed with both parents in this case, plaintiff had the burden of proving by clear and convincing evidence that modification of the existing custody order was in the best interests of the children. The trial court detailed on the record the evidence it considered for each of the best-interest factors and which parent the trial court found to be better suited in regard to each factor. The court also interviewed the children and determined that the youngest child was not old enough to express a preference regarding custody and that defendant and Smith's attempted bribery, encouragement, and possible threats undermined the children's credibility in this regard. These findings were not against the great weight of the evidence.

3. The trial court did not abuse its discretion by limiting defendant's parenting time because of concerns about her behavior and because of her failure to provide Smith's personal information for a background check. Although the Court of Appeals determined that the trial court had failed to follow the proper steps before modifying the custody arrangement, it specifically did not decide the legality of the trial court's underlying order for Smith to provide his identifying information to the Friend of the Court. The trial court expressed concern that defendant was bitter, vengeful, and vindictive; that she would continue making unfounded accusations against plaintiff; that she was bribing and threatening the children; and that Smith appeared to be a part of this behavior. The court's determination that it was in the best interests of the children for Smith not to have contact with the children until a background check was completed was based on detailed and explicit findings.

4. Defendant's argument that the trial judge should be disqualified from hearing further matters on this case because he showed indignation toward defendant and the Court of Appeals previous rulings was undeveloped and unsupported by the record.

Affirmed.

PARENT AND CHILD — CHILD CUSTODY — MODIFICATION OF CHILD-CUSTODY ORDERS — PROPER CAUSE OR CHANGE OF CIRCUMSTANCES — EVIDENTIARY HEARINGS.

The first step toward modifying a custody award is to show proper cause or a change of circumstances; to establish proper cause, the moving party must establish by a preponderance of the evidence an appropriate ground that would justify the trial court's taking action; appropriate grounds should include at least one of the 12 best-interest factors set forth in MCL 722.23 and must concern matters that have or could have a significant effect on the child's life; only after a moving party has established proper cause or a change of circumstances may the trial court reevaluate the statutory best-interest factors; the determination that proper cause or a change of circumstances exists does not necessarily require an evidentiary hearing (MCL 722.27[1][c]).

*Greer & Dykman, P.C.* (by *John M. Greer* and *Melissa K. Dykman*), for John E. Mitchell.

Kate A. Mitchell *in propria persona.*

Before: METER, P.J., and FITZGERALD and MARKEY, JJ.

PER CURIAM. Defendant appeals by right the trial court's October 3, 2011, order granting a modification of the parties' divorce judgment with respect to child custody. We affirm.

The parties were married in 1991, had one child in 2003 and one in 2006, and were divorced on March 30, 2009. The parties were awarded joint physical and legal custody of the children. Six months after the divorce judgment, defendant moved to Texas with the children. Defendant began dating Todd Smith while in Texas, and plaintiff requested that Smith submit to a background check because plaintiff was concerned for the safety of his children. The trial court ordered defendant to provide information to plaintiff, but defendant and Smith refused.

At a hearing on December 29, 2010, the trial court ordered defendant to provide Smith's information to the Friend of the Court, reasoning that a background check was necessary to ensure the children's safety. Defendant and Smith continued to resist. Later, on February 15, 2011, the trial court entered an order temporarily transferring physical custody to plaintiff. Defendant appealed, and this Court vacated the trial court's order and remanded the matter for continued proceedings consistent with the Child Custody Act. *Mitchell v Mitchell*, unpublished opinion per curiam of the Court of Appeals, issued September 15, 2011 (Docket No. 303257) (*Mitchell I*).

Before this Court released its opinion in *Mitchell I*, plaintiff moved to modify the custody arrangement so that he would have physical custody during the school year and defendant would have physical custody during the summers. The trial court issued an oral opinion after a two-day evidentiary hearing.

By the time this Court issued *Mitchell I*, the trial court had already held the two-day evidentiary hearing on plaintiff's motion for modification of custody. At a hearing on defendant's objections to the entry of a proposed order, the trial court determined that its two-day evidentiary hearing fully complied with this Court's remand order in *Mitchell I*. Consequently, the trial court entered its order to modify custody, which defendant now appeals.

Defendant first argues that the trial court did not establish proper cause or a change of circumstances in a separate proceeding before the hearing to modify custody. We disagree.

All custody orders must be affirmed on appeal unless the trial court committed a palpable abuse of discretion, made findings against the great weight of the evidence, or made a clear legal error. MCL 722.28; *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). The first step toward modifying a custody award is to show proper cause or a change of circumstances. MCL 722.27(1)(c); *Parent v Parent*, 282 Mich App 152, 154; 762 NW2d 553 (2009). But the determination of whether proper cause or a change of circumstances exists does not necessarily require an evidentiary hearing. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009).

To establish proper cause, the moving party must establish by a preponderance of the evidence an appropriate ground that would justify the trial court's taking action. *Vodvarka v Grasmeyer*, 259 Mich App 499, 511-512; 675 NW2d 847 (2003). Appropriate grounds should include at least one of the 12 statutory best-interest factors and must concern matters that have or could have a significant effect on the child's life. *Id.* Only after a moving party has established proper cause

or a change of circumstances may the trial court re-evaluate the statutory best-interest factors. *Id.*

In this case, the trial court expressly stated on the record its reasons for finding that the proper cause standard had been satisfied. Defendant argues that this determination should have been made before the hearing to modify custody and relies on this Court's opinion in *Mitchell I*. Defendant mischaracterizes this Court's opinion, which provides: "Before modifying or amending an existing custody order, however, the circuit court must determine whether there has been a change in circumstances or if proper cause exists to revisit the custody decision." *Mitchell I*, unpub op at 2. This Court did not hold that a separate hearing had to be conducted before a custody decision may be revisited, nor is one necessarily required. *Vodvarka*, 259 Mich App at 512. The trial court is merely required to preliminarily determine whether proper cause or a change of circumstances exists before reviewing the statutory best-interest factors with an eye to possibly modifying a prior custody order. *Id.*; MCL 722.27(1)(c).

In this case, the trial court clearly stated on the record its determination that proper cause had been established before proceeding with its custody analysis of the statutory best-interest factors. Specifically, the trial court found defendant at fault for failing to facilitate plaintiff's communication with the children by Skype, as the court had previously ordered. The trial court also found that defendant had failed to pay her court-ordered share of parenting-time travel expenses and failed to sign a release for the children's school records, again as required by previous court order. The trial court found that defendant and Smith had continued to refuse to disclose information on Smith for a background check. Finally, the trial court found that

allegations of plaintiff touching his daughter inappropriately were unfounded and that it was likely defendant had fabricated the allegations. And the trial court's determination of proper cause was related to the statutory best-interest factors and constituted facts that have or could have a significant effect on the children's lives. *Vodvarka*, 259 Mich App at 512.

Defendant also argues that the trial court's bases for determining proper cause were the exact factors this Court in *Mitchell I* said could not be considered. Again, defendant mischaracterizes this Court's opinion. In *Mitchell I* this Court said that the trial court had erred by not following the procedure outlined in MCL 722.27(1), i.e., by not considering the statutory best-interest factors of MCL 722.23 and by improperly using custody as a means to punish defendant for refusing to obey the court's orders. *Mitchell I*, unpub op at 3. This Court remanded to the trial court to conduct proceedings consistent with the Child Custody Act. *Id*. This Court did not state that the trial court could not consider certain facts or circumstances in proper proceedings. The trial court's determination that proper cause or a change of circumstances existed to justify considering whether modification of its prior order would be in the children's best interests was not against the great weight of the evidence. *Pierron*, 486 Mich at 85.

Next, defendant argues that the trial court erred by modifying custody because the trial court's decision was against the great weight of the evidence. We disagree.

This Court reviews the trial court's findings of fact under the great weight of the evidence standard. MCL 722.28. Under this standard the trial court's determination will be affirmed unless the evidence clearly preponderates in the other direction. *Pierron*, 486 Mich

at 85. Before modifying a custody award the trial court must determine whether there is proper cause or a change in circumstances justifying a modification in the child's best interests. *Vodvarka*, 259 Mich App at 511-512.

Once the trial court determines there is proper cause or a change of circumstances to permit the matter to be revisited, the trial court still may not modify custody from an established custodial environment unless there is clear and convincing evidence that a modification is in the best interest of the child. MCL 722.27(1)(c). Thus, if the trial court determines that an established custodial environment exists, the moving party has the burden of proving by clear and convincing evidence that the proposed modification is in the best interests of the children. *Parent*, 282 Mich App at 154. In determining whether the moving party has satisfied this burden, the trial court must consider all the statutory best-interest factors set out in MCL 722.23. *Pierron*, 486 Mich at 92-93; *Rittershaus v Rittershaus*, 273 Mich App 462, 475; 730 NW2d 262 (2007). In this case, the trial court determined that an established custodial relationship existed with both parents. So, plaintiff had the burden of proving by clear and convincing evidence that modification of the existing custody order was in the best interests of the children. *Powery v Wells*, 278 Mich App 526, 529; 752 NW2d 47 (2008).

The trial court specified on the record the evidence it considered for each of the statutory best-interest factors and which parent the trial court found to be better suited in regard to each factor. The trial court also interviewed the children to determine their preference; however, the trial court indicated that the youngest child was not old enough to express a preference. The trial court further stated that it was not going to

consider the children's purported desire to live in Texas because the court found that defendant and Smith's attempted bribery, encouragement, and possible threats undermined the children's credibility.

Defendant on appeal sets out many specific instances of what she does for the children and argues that she is the better parent. But defendant fails to acknowledge any of the testimony from plaintiff and makes assertions not supported by evidence in the record. The trial court considered everything defendant does for the children and commended her on her efforts; however, the trial court determined that, overall, a modification in custody was in the best interests of the children. After thoroughly reviewing the evidence presented and the trial court's findings, we conclude that the court's findings of fact were not against the great weight of the evidence. We also conclude that the court did not commit clear legal error on a major issue or abuse its discretion. MCL 722.28; *Pierron*, 486 Mich at 85.

Defendant also argues that the trial court erred in limiting her parenting time because she had not provided Smith's personal information. Defendant argues that because obtaining Smith's personal information is not relevant to the best interests of the children, the conditions placed on defendant's visitation with the children should be struck. We disagree.

Because this issue was not raised before the trial court, it is unpreserved. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Nonetheless, this Court can overlook the preservation issue when "failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Const, Inc*, 269 Mich

App 424, 427; 711 NW2d 421 (2006). In this case, because the issue deals with child custody and parenting time for defendant, failure to consider it could result in manifest injustice, so this Court will overlook the issue of preservation.

This Court reviews discretionary rulings, including a trial court's custody and parenting-time decisions, for an abuse of discretion. *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). An abuse of discretion with regard to a custody issue occurs "when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Id.*

The trial court determined that modifying the custody award was in the best interests of the children and awarded plaintiff physical custody during the school year. The trial court also determined that defendant's parenting time in Texas would be suspended until Smith disclosed his information for a background check. The trial court also expressed concern that defendant was "bitter, and vengeful, and vindictive" and that defendant would continue to make up unfounded allegations about plaintiff.

Defendant argues that the trial court's decision to place conditions on her parenting time because of Smith's refusal to submit to a background check was inappropriate. Defendant argues that this Court in *Mitchell I* held that defendant's failure to provide Smith's background information could not be considered. Defendant again mischaracterizes this Court's opinion. Although this Court determined that the trial court had failed to follow the proper steps before modifying the custody arrangement, it specifically did not make any decision regarding the legality of the

court's underlying order for Smith to provide his identifying information to the Friend of the Court. *Mitchell I*, unpub op at 3. The trial court found reasons for concern in how defendant was acting and her accusations against plaintiff. In addition, the trial court was concerned that defendant was bribing and threatening the children. The trial court was also concerned that Smith appeared to be a factor in the behavior defendant was engaging in and determined that in the best interests of the children, Smith would not have contact with the children until a background check was completed. The trial court was very detailed and explicit in its findings regarding the children and their best interests. Our review of the record persuades us that the trial court did not abuse its discretion by placing limitations on defendant's parenting time on the basis of defendant's behavior and Smith's refusal to submit to a background check.

Lastly, defendant argues that the trial judge should be disqualified from hearing further matters on this case because he showed indignation toward defendant and this Court's rulings. We disagree.

This Court reviews a trial court's factual findings on a motion to disqualify for an abuse of discretion and reviews de novo the trial court's application of the facts to the law. *Olson v Olson*, 256 Mich App 619, 638; 671 NW2d 64 (2003). The trial court abuses its discretion when the trial court's decision falls outside the range of reasonable outcomes. *In re MKK*, 286 Mich App 546, 564; 781 NW2d 132 (2009). Due process requires that an unbiased and impartial decision-maker hear and decide a case. *Olson*, 256 Mich App at 642. A trial judge is presumed unbiased, and the party asserting otherwise has the heavy burden of overcoming the presumption. *In re MKK*, 286 Mich App at 566.

Defendant argues that the trial judge should be disqualified because of his alleged indignation. Defendant does not develop her argument and does not cite where in the record the trial judge's indignation appears. Indeed, we do not know to what she refers, but she insists that the trial court has refused to follow this Court's ruling in *Mitchell I*. Defendant continues to mischaracterize this Court's opinion. In *Mitchell I*, this Court remanded the case for proceedings consistent with the Child Custody Act. *Mitchell I*, unpub op at 3. Contrary to defendant's argument, the trial court complied with this Court's opinion. The trial court held a two-day evidentiary hearing and, on the basis of that evidence, made necessary findings justifying its order to modify the prior custody order.

Defendant has not indicated any other basis to find that the trial judge is biased or otherwise partial. A party cannot simply assert an error or announce a position and then leave it to this Court to "discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Defendant has failed to carry her burden of demonstrating that the trial judge should be disqualified here.

We affirm.

METER, P.J., and FITZGERALD and MARKEY, JJ., concurred.