# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 19, 2016

Plaintiff-Appellee,

v

No. 323792
Crawford Circuit Court
LC Nos. 14-003714-FH;
14-003715-FH;
14-003695-FC

CHRISTOPHER DEWAYNE NORFLEET,

Defendant-Appellant.

Before: SHAPIRO, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

Defendant, Christopher Dewayne Norfleet, appeals as of right his convictions, following a jury trial, of nine counts of delivery of a controlled substance less than 50 grams. MCL 333.7401(2)(A)(*iv*). The trial court sentenced Norfleet to serve concurrent terms of 46 months' to 40 years' imprisonment. We affirm.

## I. BACKGROUND FACTS

A confidential informant testified that he engaged in controlled purchases of heroin and cocaine from a man that he knew as "K." The informant identified Norfleet as "K" in the courtroom. According to the informant, he purchased heroin, crack cocaine, and powder cocaine from Norfleet about 15 or 20 times in the sixth months preceding the controlled purchases, and he recognized Norfleet's voice over the phone when he was arranging the purchases.

The informant met with Norfleet at a hotel. At the initial controlled buy on January 22, 2014, he first knocked on room 105. When he received no response, he knocked on the door at room 107, and Norfleet answered the door. The informant waited on the bed while Norfleet retrieved heroin and cocaine, and then he left. He engaged in similar buys on January 28, February 7, and February 19, 2014.

Michigan State Police Officer Tim Heliin testified that officers rented the motel room across from room 107 on February 19, 2014, and watched the door and hallway with cameras. According to Officer Heliin, he watched the informant walk from the parking lot to the motel's south entrance and knock on the door to room 107. The informant entered the room briefly, then left the hotel.

-1-

Officer Heliin left to retrieve a warrant and brief other officers. After about an hour, he returned to the hotel, executed the warrant, and arrested Norfleet in room 107. According to Officer Heliin, the motel's manager, Dragush Feri, indicated that Norfleet had just paid his bill. Officer Heliin discovered that $170 in the motel's office matched the marked bills that the informant gave Norfleet for drugs. It was the only cash in the motel office when officers executed the search warrant.

Norfleet testified that the informant mistook him for another man, Kendric Kareem Ballard, who Norfleet stated lived in room 105. According to Norfleet, on February 19, 2014, he traded his girlfriend's camera to Ballard for money that he used to pay his rent.

## II. STANDARD OF REVIEW

Norfleet, through counsel and in his pro per brief filed pursuant to Michigan Supreme Court Order 2004-6, Standard 4, raises several issues regarding the effectiveness of trial counsel. A criminal defendant has the fundamental right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984). A defendant must move the trial court for a new trial or evidentiary hearing to preserve the defendant's claim that his counsel was ineffective. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973); *People v Snider*, 239 Mich App 393, 423; 608 NW2d 502 (2000). When the trial court has not conducted a hearing to determine whether a defendant's counsel was ineffective, our review is limited to mistakes apparent from the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

To prove that his defense counsel was not effective, the defendant must show that (1) defense counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that counsel's deficient performance prejudiced the defendant. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). The defendant must overcome the strong presumption that defense counsel's performance constituted sound trial strategy. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). We must consider the possible reasons for counsel's actions. *Id*. A defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different. *Id*.

## III. THE INFORMANT

First, through counsel, Norfleet contends that counsel was ineffective when he failed to request a special jury instruction regarding the confidential informant. We disagree.

Whether to request a particular jury instruction is a matter of trial strategy. See *People v Matuszak*, 263 Mich App 42, 59-60; 687 NW2d 342 (2004). When an addict-informant provides the only testimony against a defendant, the defendant is entitled to a jury instruction cautioning that it should consider the addict-informant's information with special scrutiny. *People v Jackson*, 292 Mich App 583, 601; 808 NW2d 541 (2011). The instruction should be given if the informant was addicted to drugs at the time in question. *People v Griffin*, 235 Mich App 27, 40-41; 597 NW2d 176 (1999), overruled in part on other grounds in *People v Thompson*, 477 Mich 146, 148; 730 NW2d 708 (2007).

In this case, there is no indication that the informant was using or addicted to drugs at the time of the controlled buys. To the contrary, the informant testified that he was a "prior drug user" and was in recovery. We conclude that counsel was not ineffective for failing to request this instruction. See *Jackson*, 292 Mich App at 602.

Additionally, counsel cross-examined the informant extensively regarding his agreements with police and the prosecution and vigorously argued that the jury should not believe the informant's testimony. The trial court provided general instructions to the jury regarding how to evaluate witness testimony, and its instructions included that it should consider whether a witness has a personal interest in how the case was decided, whether a witness' testimony was influenced by anything, and whether a witness had a special reason to lie. We also conclude that counsel's decision not to request a specific instruction did not prejudice Norfleet.

Second, in his pro per brief, Norfleet contends that counsel was ineffective for failing to move to strike the informant as a witness. Norfleet contends that the informant could not act as a witness because he was on probation and his testimony was so incredible that it could not be believed. We disagree.

In criminal trials, all witnesses are presumptively competent to testify. *People v Watson*, 245 Mich App 572, 583; 629 NW2d 411 (2001); MRE 601. It is the province of the trier of fact to determine the credibility of the witnesses. *People v Dobek*, 274 Mich App 58, 71; 732 NW2d 546 (2007). In this case, there is no indication that the informant lacked the physical or mental capacity to testify. Whether the informant was credible was an issue for the jury to determine. We conclude that counsel was not ineffective for failing to move to strike the informant as a witness. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (counsel need not make futile challenges).

Third, Norfleet contends in his pro per brief that trial counsel was ineffective for failing to require the informant to produce the phone that he used to purchase drugs from Norfleet. We disagree.

What evidence to present is a matter of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). In this case, defense counsel thoroughly impeached the informant regarding the number at which he called Norfleet, including eliciting that the informant dialed a phone number with a 734 area code when Norfleet's phone number had a 989 area code. We reject Norfleet's assertion that counsel should have elicited this information in a different manner and conclude that defense counsel's decision to present the evidence in this manner was reasonable.

## IV. INVESTIGATION

Through counsel, Norfleet contends that trial counsel was ineffective in failing to investigate and present an exculpatory defense witness.

"Failure to make a reasonable investigation can constitute ineffective assistance of counsel." *People v McGhee*, 268 Mich App 600, 626; 709 NW2d 595 (2005). However, a defendant must demonstrate the factual predicate for his or her claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). While Norfleet contends that counsel did not investigate

a potential witness named Anne, there is no indication in the record regarding counsel's investigative efforts. More importantly, Norfleet has failed to establish that Anne actually would have provided exculpatory testimony. See *People v Norfleet*, unpublished order of the Court of Appeals, entered August 10, 2015 (Docket No. 323792). Because there is no indication that this witness would have provided exculpatory testimony, we conclude that Norfleet has failed to establish the factual predicate for this claim.

## V. CONFLICT OF INTEREST

Through counsel, Norfleet contends that he lacked the effective assistance of counsel because trial counsel had a conflict of interest when another client, Steven May, implicated Norfleet in a solicitation to commit murder. We disagree.

"[I]n order to demonstrate that a conflict of interest has violated his Sixth Amendment rights, a defendant 'must establish that an actual conflict of interest adversely affected his lawyer's performance.' " *People v Smith*, 456 Mich 543, 556; 581 NW2d 654 (1998), quoting *Cuyler v Sullivan*, 446 US 335, 350; 100 S Ct 1708; 64 L Ed 2d 333 (1980). This Court presumes that the defendant was prejudiced only if (1) counsel actively represented conflicting interests, and (2) the conflict adversely affected counsel's performance. *Smith*, 456 Mich at 557.

At the pretrial hearing on a motion regarding whether to disqualify trial counsel, counsel testified that May gave him a note indicating that he had information involving another case. Counsel did not know that the information involved Norfleet, and counsel gave May permission to speak with the prosecutor without counsel's presence. Counsel later ceased representing May and ceased representing Norfleet in the solicitation matter. The trial court found that counsel did not have a conflict of interest.[1]

This is not a case where trial counsel actively advanced May's interests to the detriment of Norfleet's. When counsel allowed May to speak to the prosecutor, he did not know that May wanted to talk about a matter adverse to Norfleet's interests. And when the potential conflict came to light, counsel ceased representing May's interests and solely represented Norfleet's. We conclude that trial counsel did not deprive Norfleet of the effective assistance of counsel by actively represent conflicting interests.

## VI. TELEPHONE TESTIMONY

In his pro per brief, Norfleet contends that the trial court violated his right to confront the witnesses against him by allowing Dragush Feri, the motel's manager, to testify over the telephone. We conclude that Norfleet has waived this issue. A party may not appeal an error that the party created. *People v Szalma*, 487 Mich 708, 726; 790 NW2d 662 (2010). In this case, the prosecution indicated that it wanted to call Feri out of order because of conflicting

---

[1] However, after trial counsel was subpoenaed as a witness in the solicitation matter, counsel moved to withdraw from representation during sentencing proceedings in this case. The trial court granted the motion.

availability. As an alternative to calling Feri after defense counsel began presenting Norfleet's defense, counsel suggested that Feri testify over the telephone. Because Feri testified telephonically at defense counsel's request, Norfleet has waived any issues regarding the propriety of that procedure.

## VII. COMPARISON TESTIMONY

In his pro per brief, Norfleet contends that counsel provided ineffective assistance by failing to present evidence of Ballard's appearance. We disagree.

Again, what evidence to present is a matter of trial strategy. *Horn*, 279 Mich App at 39. In this case, the jury requested to view Ballard. Defense counsel indicated that he had spoken with Ballard's attorney and he actively opposed presenting Ballard or calling Ballard as a witness. There are a variety of reasons why reasonable counsel might not want to present Ballard as a witness, including the possibility that Ballard and Norfleet looked dissimilar or that Ballard would testify contrary to Norfleet's interests. We conclude that Norfleet has failed to demonstrate that counsel's strategic decision was unreasonable.

## VIII. JUDICIAL BIAS

Finally, in his pro per brief, Norfleet contends that the trial court assisted the prosecution in fabricating a case against him. We disagree.

To preserve an issue of judicial bias, a party must raise the claim before the trial court. MCR 2.003(D); *Jackson*, 292 Mich App at 597. Where a defendant has not done so, we review the issue for plain error. *Id*.

"Due process requires that an unbiased and impartial decision-maker hear and decide a case." *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). A judge must be disqualified when he or she cannot hear a case impartially, including when a judge is personally biased or prejudiced against a party. *Cain v Dep't of Corrections*, 451 Mich 470, 494-495; 548 NW2d 210 (1996). The party who alleges that a judge is biased must overcome the heavy presumption in favor of judicial impartiality. *Id*. at 497. Judicial rulings almost never constitute a valid basis for bias, unless the judicial opinion displays "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 503 (quotation marks and citation omitted).

In this case, Norfleet asserts that the trial court demonstrated bias by repeatedly ruling against him and by failing to abide by its own rulings. We have reviewed the record and we disagree. There is no indication that the judge indicated any personal bias against Norfleet, and the judge's rulings do not display favoritism or antagonism. We conclude that this issue lacks merit.

We affirm.

/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello

-5-