*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIFFANY NICOLE TOOSON,

Plaintiff-Appellee,

v

CHARLIE BRODERICK FLOWERS,

Defendant-Appellant.

UNPUBLISHED
June 27, 2019

No. 346868
Washtenaw Circuit Court
LC No. 13-000005-DP

Before: TUKEL, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

Defendant, Charlie Broderick Flowers, appeals as of right the trial court's order granting plaintiff's, Tiffany Nicole Tooson, motion for specific parenting time regarding the parties' minor child. We vacate the trial court's opinion and remand.

In 2013, the trial court found that defendant was the child's legal father, granted plaintiff sole physical custody, and granted the parties joint legal custody. At some point after that, defendant moved to Arizona, while plaintiff and the child remained in Michigan. In September 2017, the parties appear to have agreed that the child would move to Arizona, live with defendant, and attend school in Arizona for the 2017-2018 academic year. The parties also apparently agreed that the child would return to Michigan at the end of the school year, but defendant failed to return the child to Michigan at that time. Plaintiff moved for a specific parenting-time schedule and for the child's immediate return to Michigan. After a brief hearing, the trial court granted plaintiff's motion. Defendant now appeals.

Defendant and plaintiff each raise jurisdictional challenges, but neither have merit. Defendant argues that the trial court did not have jurisdiction over the child because the child had lived in Arizona with him for a time. The parties and the child lived in Michigan when the trial court made the initial child-custody determination in 2013, and therefore, the trial court had exclusive, continuing jurisdiction pursuant to MCL 722.1201(1)(a).

Plaintiff alleges that we do not have jurisdiction over defendant's appeal based on an amendment to MCR 7.202(6)(a)(*iii*). Defendant timely filed his appeal on December 13, 2018, pursuant to the court rule's language at that time which allowed appeals as of right from any

orders affecting the custody of a minor. The amended court rule took effect on January 1, 2019, and allows appeals as of right only from orders that "change legal custody, physical custody, or domicile." Generally, newly adopted court rules apply to pending actions unless the application of the new rule would work injustice. *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332, 337; 602 NW2d 596 (1999). An amended court rule would "work injustice" when a party acts in reliance on the prior rules, and those actions have consequences under the new rule that were not present under the old rule. *Sullivan Indus, Inc v Double Seal Glass Co, Inc*, 192 Mich App 333, 355; 480 NW2d 623 (1991). Under these circumstances, a court should apply the former version of MCR 7.202(6)(a)(*iii*) to prevent injustice. *Id*.

Turning to the merits of the case: defendant argues generally that the trial court erred when it decided plaintiff's motion for parenting time. We agree.

In child-custody disputes, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. "This Court reviews discretionary rulings, including a trial court's custody and parenting-time decisions, for an abuse of discretion." *Mitchell v Mitchell*, 296 Mich App 513, 522; 823 NW2d 153 (2012). "An abuse of discretion with regard to a custody issue occurs 'when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias.' " *Id*., citing *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). Additionally, a trial court commits "clear legal error" when it chooses, interprets, or applies the law incorrectly, and must remand to the trial court unless the error was harmless. *Fletcher v Fletcher*, 447 Mich 871, 881; 526 NW2d 889 (1994).

"Parenting time shall be granted in specific terms if requested by either party at any time." MCL 722.27a(8). The trial court must grant parenting time "in accordance with the best interests of the child." MCL 722.27a(1). Custody decisions require findings under all of the best-interest factors contained in both MCL 722.23 and MCL 722.27a(7), but parenting-time decisions may be made with findings on only the contested factors. *Shade v Wright*, 291 Mich App 17, 31-32; 805 NW2d 1 (2010). The moving parent's burden of proof on these best-interest factors depends on whether the proposed change would modify the child's established custodial environment. "The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). Established custodial environments may exist with both parents at the same time. *Berger*, 277 Mich App at 707. If a parenting-time order would change the established custodial environment of the child, the moving party must show by clear and convincing evidence that the requested change would be in the child's best interests. MCL 722.27(1)(c); *Pierron v Pierron*, 486 Mich 81, 92; 782 NW2d 480 (2010). If the requested change would not change the established custodial environment, the burden is on the proposing parent to show by a preponderance of the evidence that the requested change would be in the child's best interests. *Id*. at 93.

Therefore, the trial court must first determine whether an established custodial environment exists, which is a question of fact. *Foskett v Foskett*, 247 Mich App 1, 8; 634 NW2d 636 (2001). If "a trial court fails to make a finding regarding the existence of a custodial

environment, this Court will remand for a finding unless there is sufficient information in the record for this Court to make its own determination of this issue by de novo review." *Thames v Thames*, 191 Mich App 299, 304; 477 NW2d 496 (1991).

Additionally, while parties are encouraged to work together and may agree on a parenting-time schedule, they cannot agree to a parenting-time schedule that amounts to a change of custody without the trial court conducting a best-interest determination and entering an order. *Phillips v Jordan*, 241 Mich App 17, 22; 614 NW2d 183 (2000). An agreement between the parties without involvement by the trial court is not binding because it cannot " 'supersede procedures and conditions set forth in statutes or court rules' " including the child-custody act. *Id*., quoting *In re Ford Estate*, 206 Mich App 705, 708; 522 NW2d 729 (1994).

In this case, the trial court granted sole physical custody to plaintiff in 2013, with visitation rights and parenting time for defendant. The parties modified that parenting-time agreement in September 2017 when they agreed that the child should be educated in Arizona. That arrangement was not placed on the record at any time and did not involve the trial court at all. Further, defendant failed to petition the trial court for approval, as mandated by the Order of Filiation, when he moved the child to Arizona. Therefore, that agreement is not binding on the parties. See *Phillips*, 241 Mich App at 22; *In re Ford Estate*, 206 Mich App at 708. The Order of Filiation remains binding on the parties: plaintiff has been awarded primary physical custody and the parties share legal custody, and the parties shall agree on parenting time that comports with that order. When the parties realized that they could not agree, a Stipulation and Order was filed, which required a determination about parenting time to be made "through further legal proceedings."

The trial court did not err by hearing plaintiff's motion for specific parenting time. See MCL 722.27a(8). However, while deciding plaintiff's motion, the trial court did not make a determination regarding whether or not an established custodial environment existed, and accordingly, it did not make a determination whether plaintiff's motion would modify an established custodial environment. No evidence was presented to the trial court regarding whether an established custodial environment existed or regarding the child's best interests. As a result, there is no record evidence to support the finding that residing with either plaintiff or defendant would be in the child's best interests. The record is bare, containing primarily unsubstantiated allegations of poor parenting between the parties. The trial court did not apply any legal framework, let alone the correct legal framework, to make a parenting-time determination, nor did it rely on record evidence. Because the trial court's decision is not based on evidence or supported by law, we remand the case for the trial court to develop the record and apply the law correctly.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Michael J. Riordan