*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THERESA SIMPSON,

Plaintiff-Appellant,

v

MICHAEL JOSEPH SIMPSON,

Defendant-Appellee.

UNPUBLISHED
March 10, 2020

No. 350584
Bay Circuit Court
Family Division
LC No. 15-007463-DM

Before: CAMERON, P.J., and SHAPIRO and LETICA, JJ.

PER CURIAM.

Plaintiff, Theresa Simpson, appeals the trial court's August 23, 2019 order denying her motion for change of custody. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant, Michael Joseph Simpson, were married in December 2004. They had a child together during the marriage. In October 2015, plaintiff filed for divorce when the minor child was 10 years old. After their divorce in February 2017, the parties shared joint legal custody of the minor child. Defendant was granted primary physical custody, and plaintiff was granted parenting time.

On December 13, 2017, defendant was arrested and subsequently charged with operating a motor vehicle while intoxicated, third offense; possession of open intoxicants; larceny; and malicious destruction of property. Defendant was released from jail after he furnished bond. On May 2, 2018, defendant violated a condition of his bond by consuming alcohol. He was arrested and was released from jail the following day.

On May 22, 2018, defendant pleaded guilty to operating a motor vehicle while intoxicated, third offense. The remaining charges were dismissed. Defendant was sentenced to 10 months in jail, with six months to be served immediately and four months to be held in abeyance pending defendant's enrollment in the sobriety court program. During the time defendant was in jail, he was granted work release from 7:00 a.m. to 7:00 p.m., seven days a week. Defendant arranged for his parents to care for the minor child while was incarcerated from July until December 2018.

-1-

During that time, the minor child maintained her grades, school attendance, and athletic participation. Defendant did not inform plaintiff of his arrest, conviction, or sentence.

In June 2019, plaintiff filed a motion for change of custody, requesting that she be granted sole physical custody of the minor child. In relevant part, plaintiff argued that defendant was morally unfit to be the minor child's custodial parent due to his alcoholism, his conviction, and his failure to disclose the conviction and sentence to plaintiff. Defendant moved to dismiss plaintiff's motion on the ground that plaintiff had not established proper cause or a change of circumstances. In July 2019, after hearing the parties' testimony and speaking to the minor child, the trial court concluded that there was neither proper cause nor a change in circumstances that warranted revisiting the custody order.[1] The trial court denied plaintiff's motion. This appeal followed.

## II. STANDARD OF REVIEW

"All custody orders must be affirmed on appeal unless the [trial] court's findings were against the great weight of the evidence, the [trial] court committed a palpable abuse of discretion, or the [trial] court made a clear legal error on a major issue." *Lieberman v Orr*, 319 Mich App 68, 76-77; 900 NW2d 130 (2017), citing MCL 722.28. A finding is against the great weight of the evidence when "the evidence clearly preponderates in the opposite direction." *Lieberman*, 319 Mich App at 77, quoting *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). In a child custody determination, an abuse of discretion occurs when a trial court's decision "is so palpably and grossly violative of fact and logic that it evidences a perversity of will or the exercise of passion or bias." *Rains v Rains*, 301 Mich App 313, 324; 836 NW2d 709 (2013) (quotation marks and citations omitted). "A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Lieberman*, 319 Mich App at 77, quoting *Corporan*, 282 Mich App at 605.

## III. ANALYSIS AND APPLICATION

Plaintiff argues that the trial court's decision that there was not proper cause to justify a review of custody was against the great weight of the evidence. We disagree.

"The first step toward modifying a custody award is to show proper cause or a change of circumstances." *Mitchell v Mitchell*, 296 Mich App 513, 517; 823 NW2d 153 (2012). The movant bears the burden of proving by a preponderance of the evidence that either proper cause or a change in circumstances exists before the trial court can (1) consider whether an established custodial environment exists and (2) conduct a review of the best-interest factors. *Vodvarka v Grasmeyer*, 259 Mich App 499, 511-512; 675 NW2d 847 (2003). "Only after a moving party has established proper cause or a change of circumstances may the trial court reevaluate the statutory best-interest factors." *Mitchell*, 296 Mich App at 517-518.

---

[1] The trial court also held defendant in contempt for failing to inform plaintiff of "his unavailability for a period of possibly six months." The trial court's decision was based on the fact that the custody order required "joint decision making."

Proper cause "means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Vodvarka*, 259 Mich App at 511. A trial court should rely on the 12 factors set forth in the statutory best-interest test when deciding whether a particular fact raised by a party is a proper or appropriate ground to revisit a custody order. *Id*. at 512. However, "not just any fact relevant to the twelve factors will constitute sufficient cause. Rather, the grounds presented must be 'legally sufficient,' i.e., they must be of a magnitude to have a significant effect on the child's well-being to the extent that revisiting the custody order would be proper." *Id*.

In this case, plaintiff argues that there was proper cause to justify a review of custody because defendant did not tell her about his arrest, conviction, and incarceration. After reviewing the 12 best-interest factors, the trial court concluded that defendant's arrest, conviction, and failure to disclose the conviction and sentence did not constitute proper cause to revisit custody of the minor child. The trial court's determination was not against the great weight of the evidence. While it is undisputed that defendant was convicted of a felony and was sentenced to six months in jail, during that time defendant had arranged for his parents to care for the minor child in defendant's home. Defendant testified that he paid all of the minor child's expenses during that time. The minor child had perfect school attendance and was on the honor roll; she also attended all of her extracurricular activities, and she received an award for her athletic endeavors. Defendant was unaware of the minor child having any emotional difficulties as a result of his absence, and plaintiff never contacted defendant with concerns about the minor child's mental health during the time he was in jail.[2] Defendant testified that, after he was released from jail, he returned home and resumed his typical family duties. Although plaintiff testified that she thought that the minor child enabled defendant and hid defendant's alcoholism from her, plaintiff also testified that she did not believe that defendant's conviction and sentence affected the minor child's schoolwork or participation in sports. Moreover, defendant was released from jail in December of 2018, and plaintiff did not raise this issue in the court until June of 2019. The passage of more than six months since defendant's release, particularly in light of the minor child's apparent stability during the period defendant was in jail, supports the trial court's conclusion that it was unlikely that these events had a significant effect on the minor child's life or well-being.

Although plaintiff argues on appeal that the trial court failed to give sufficient weight to evidence that defendant lacks moral fitness as a parent, as already stated, "not just any fact relevant to the twelve [best-interest] factors will constitute sufficient cause. Rather, the grounds presented must be 'legally sufficient,' i.e., they must be of a magnitude to have a significant effect on the child's well-being to the extent that revisiting the custody order would be proper." *Vodvarka*, 259 Mich App at 512. Because plaintiff failed to establish that defendant's actions had a significant

---

[2] Defendant testified that he had access to his cell phone while he was on work release.

effect on the minor child's well-being, the trial court's decision is not against the great weight of the evidence.  See *Lieberman*, 319 Mich App at 77.

Affirmed.

/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Anica Letica