*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN C FLOYD III,

Plaintiff-Appellant,

v

CITY OF ANN ARBOR,

Defendant-Appellee.

UNPUBLISHED
June 09, 2025
11:48 AM

No. 371329
Washtenaw Circuit Court
LC No. 24-000210-CZ

Before: YATES, P.J., and YOUNG and WALLACE, JJ.

PER CURIAM.

Plaintiff, John Floyd, III, appeals an order of the Washtenaw County Circuit Court granting summary disposition to defendant, the City of Ann Arbor ("the City") for alleged violations of the Open Meetings Act ("OMA"). We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

On October 16, 2023, the City held a regular City Council meeting.[1] During this meeting, the City held two closed sessions to separately consider the periodic personnel evaluations of City Attorney Atleen Kaur and City Administrator Milton Dohoney, Jr. Before taking a roll call vote to go into the first closed session, Kaur announced, "I would like to call a closed session under the Michigan Open Meetings Act, specifically MCL 15.268. c, d, e, and h."

After the City came out of the first closed session, a Councilmember moved to open and amend the agenda to add a "Resolution to Finalize Evaluation and Report and Amend the Employment Agreement for City Attorney Atleen Kaur." The motion passed and another

---

[1] A video recording of the meeting is available on the City's website. CTN, *City Counsel Meeting 10/16/23* <https://ctnvideo.a2gov.org/CablecastPublicSite/show/8928?site=1> (accessed June 4, 2025).

Councilmember then moved to approve the Resolution. The Resolution passed in the open session of the meeting.

Immediately thereafter, the City went into a second closed session for the evaluation of Dohoney. The meeting minutes reflect that the City likewise initiated the closed session under MCL 15.268(a), (c), (d), (e) and (h) for Dohoney's evaluation. The City came out of the second closed session, and a Councilmember moved to open and amend the agenda to add a "Resolution to Finalize Evaluation and Report and Amend the Employment Agreement for City Administrator Milton Dohoney, Jr." This motion passed and another Councilmember then moved to approve the Resolution. This Resolution also passed in the open session of the meeting.

The meeting minutes posted on the City's website reference MCL 15.268(1)(a) for both closed sessions, although on the recording of the meeting, and in an affidavit on this record, the City's attorney concedes that subsection (a) was left off the list of OMA subsections provided as support for the first closed session.

Plaintiff's instant claim takes issue with that first closed session at the October 16, 2023 meeting regarding Kaur's evaluation. On February 21, 2024, plaintiff filed a complaint in the Washtenaw County Circuit Court, alleging that the City violated the Michigan Open Meetings Act (OMA) by holding a closed meeting on October 16, 2023, without announcing the purpose as required by MCL 15.267. The complaint seeks injunctive relief under MCL 15.271, attorney fees and costs, and "appointment of a master to monitor the City's compliance with the orders of the court, and to make recommendations to the court regarding City policies to achieve transparency in government."

After filing his complaint, plaintiff filed a motion to disqualify the trial court judge on the basis that she could not fairly preside over his lawsuit because she made campaign donations of $100 each to two City Councilmembers who participated in the October 16, 2023 closed session at issue. Plaintiff's motion also asserted the trial court was biased against plaintiff's counsel on the basis of how she ruled in previous unrelated cases against plaintiff's counsel. This motion was denied.

On March 18, 2024, in lieu of filing an answer, the City filed a motion for summary disposition under MCR 2.116(C)(8) (legal sufficiency) and (C)(10) (factual sufficiency). At the April 10, 2024 hearing on the motion for disqualification, plaintiff requested the trial court refrain from deciding summary disposition until the Chief Judge reviewed and ruled upon the trial judge's decision to deny plaintiff's motion for disqualification. Based on this request, the trial court referred plaintiff's motion for disqualification of the trial court judge to the Chief Judge for de novo review, and postponed the hearing on the motion for summary disposition until a de novo review decision on the disqualification motion. On April 30, 2024, the Chief Judge issued an order denying the motion.

The City's motion for summary disposition was heard by the trial court judge on June 5, 2024. The trial court concluded that plaintiff failed to state an OMA claim upon which relief could be granted and awarded summary disposition to the City.[2] This appeal followed.[3]

## II. ANALYSIS

The trial court correctly found that plaintiff failed to state a claim under the OMA upon which relief could be granted. For the reasons stated below, we affirm.

## A. STANDARD OF REVIEW

This Court reviews a trial court's decision to grant a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint." *Farish v Dep't of Talent & Economic Dev*, 336 Mich App 433, 439 n 3; 971 NW2d 1 (2021). MCR 2.116(C)(8) "mandates summary disposition if the opposing party has failed to state a claim on which relief can be granted." *Veritas Auto & Machinery, LLC v FCA Int'l Operations, LLC*, 335 Mich App 602, 607; 968 NW2d 1 (2021).

## B. PLAINTIFF FAILED TO ESTABLISH ONGOING NON-COMPLIANCE WITH THE OMA

In his complaint, plaintiff sought injunctive relief and an appointment of a master to monitor the City's compliance under the OMA, requesting:

A. That the City provide to the Court for in camera review the minutes and any recordings the City may have of the closed meeting on October 16, 2023.

B. An injunction against the City from holding closed meetings of the City Council without the adoption of a resolution truthfully describing a legal purpose for the closed meeting.

C. An injunction against the City from making City Council decisions other than in open meetings.

D. An injunction against the City from City Council deliberations toward decisions in closed meetings.

---

[2] The trial court's order granted summary disposition under MCR 2.116(C)(8). We therefore do not address plaintiff's motion under MCR 2.116(C)(10).

[3] Plaintiff filed a motion for peremptory reversal in this Court under MCR 7.211(C)(4). That motion was denied for its "failure to persuade the Court of the existence of manifest error requiring reversal and warranting peremptory relief without argument or formal submission."

E.   An injunction against the City from the City Council approval of council meeting minutes that do not accurately report proceedings.

F.   Appointment of a master to monitor the City's compliance with the orders of the Court, and to make recommendations to the Court regarding City policies to achieve transparency in government.

G.   Require that Plaintiff recover court costs and actual attorney fees.

Under the OMA, a plaintiff has a viable cause of action when "a public body is not complying with the OMA." *CBACS v Algonac Community Sch*, 317 Mich App 171, 181; 894 NW2d 645 (2016). The phrase "not complying" indicates the statute contemplates an "ongoing violation." *Id*.

The "ongoing violation" requirement does not mandate "a showing that the public body, at the time an OMA suit is filed, is in the midst of deliberating a particular matter in violation of the OMA." *Id*. at 183. "Rather, if there has been a pattern, within a relevant timeframe, reflecting the public body has been regularly engaging in activity that violates the OMA, an action for injunctive relief under MCL 15.271 would be proper . . . ." *Id*. "[T]he pattern itself could establish 'ongoing' violations." *Id*. Thus, "the mere occurrence of an OMA violation does not automatically warrant injunctive relief." *Id*. at 183-84. "Injunctive relief should be granted only when justice requires it, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable harm." *Wilkins v Gagliardi*, 219 Mich App 260, 275-276; 556 NW2d 171 (1996). A singular, isolated violation of the OMA, by itself, is insufficient to constitute real and imminent danger of irreparable injury. *Id*. "Where there is no reason to believe that a public body will deliberately fail to comply with the OMA in the future, injunctive relief is unwarranted." *Nicholas v Meridian Charter Twp Bd*, 239 Mich App 525, 533; 609 NW2d 574 (2000), overruled in part on other grounds by *Speicher v Columbia Tp Bd of Trustees*, 497 Mich 125, 133; 860 NW2d 51 (2014).

The trial court correctly concluded that plaintiff failed to state a viable claim for injunctive relief under the OMA, as plaintiff had not alleged any facts to suggest that an ongoing violation or real and imminent danger of irreparable injury occurred. Plaintiff's complaint only alleges violations of the OMA on the basis of the single closed session at the October 16, 2023 City Council meeting, claiming the City failed to properly identify the purpose for the closed session during the meeting and in writing in the meeting minutes. Beyond this, plaintiff does not allege facts to support any assertion that any OMA violations occurred at any other meeting before or after it. The error at hand was also rectified in the meeting minutes. The complaint contains only a conclusory allegation that the alleged violations on October 16, 2023 "are a part of Defendant's practices of conducting government business in secrecy." But this statement is unsupported by any facts to indicate the City engages in any practice of conducting business in secrecy. These allegations alone are not enough to plead a pattern of ongoing violations to state a claim for injunctive relief.

Moreover, the trial court correctly denied relief to plaintiff on his request for "[a]ppointment of a master to monitor the City's compliance with the orders of the court, and to make recommendations to the Court regarding City policies to achieve transparency in government" as no such relief is warranted under the OMA. There are three types of relief

available under the OMA: (1) MCL 15.270(1) permits a person to file a civil action to invalidate a decision of a public body made in violation of the act; (2) MCL 15.271(1) allows a person to seek injunctive relief "to compel compliance or to enjoin further noncompliance with [the] act;" and (3) MCL 15.273 permits a plaintiff to file suit against a public official for intentional violations of the OMA. The statute makes no mention of appointment of a special master. Moreover, plaintiff's brief on appeal states that he no longer has a "desire to continue the policing of OMA compliance by the City. Law enforcement and ethics agencies can handle the tasks regarding the criminal and ethical misconduct. Therefore he is willing to abandon the request for appointment of a master." Thus, plaintiff has abandoned this request and the trial court correctly dismissed plaintiff's complaint for failure to state a claim.

## C. THE TRIAL COURT PROPERLY DENIED PLAINTIFF'S MOTION TO DISQUALIFY

The trial court judge and the Chief Judge in his de novo review both correctly concluded that there is no basis for disqualification, as there was neither a serious risk of actual bias impacting due process rights, nor the appearance of impropriety under MCR 2.003. "In reviewing a motion to disqualify a judge, this Court reviews the trial court's findings of fact for an abuse of discretion and reviews the court's application of those facts to the relevant law de novo." *In re Contempt of Henry*, 282 Mich App 656, 679; 765 NW2d 44 (2009). An abuse of discretion occurs when a decision is outside the range of reasonable and principled outcomes. *In re MKK*, 286 Mich App 546, 564; 781 NW2d 132 (2009).

Due process requires that an unbiased and impartial decisionmaker hear and decide a case. *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). "A trial judge is presumed unbiased, and the party asserting otherwise has the heavy burden of overcoming the presumption." *Id*. Under MCR 2.003, there are several grounds that warrant judicial disqualification. Plaintiff relies solely on MCR 2.003(C)(1)(b), which provides that "[d]isqualification of a judge is warranted" if:

> The judge, based on an objective and reasonable perception, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2000) or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.

The trial court concluded that plaintiff failed to demonstrate that disqualification is warranted under this rule. First, plaintiff has not established that there is "a serious risk of actual bias" impacting his due process rights. Plaintiff conceded below in the trial court that it is not necessary to address the due process standard in this case because he proceeds under the Canon 2 portion of MCR 2.003(C)(1)(b). Thus, any due process argument under *Caperton* as referenced in MCR 2.003(C)(1)(b) was conceded and waived below.[4]

---

[4] On appeal, plaintiff for the first time requests review by the Judicial Tenure Commission regarding conduct of the trial court judge, review by the Attorney Grievance Commission of the

Second, plaintiff has not established that the trial court failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct. Plaintiff's motion to disqualify referenced Canon 7 of the Michigan Code of Judicial Conduct in asserting that the trial judge's nominal campaign contributions to two City Council candidate committees, and attendance at a fundraiser for one of the then-candidates, gives the appearance of impropriety. This argument is not supported by Canon 7. Specifically, Canon 7 provides:

> A. Political Conduct in General:
>
>> (1) A judge or candidate for judicial office should not:
>>
>>> (a) hold any office in a political party;
>>>
>>> (b) make speeches on behalf of a political party or nonjudicial candidate or publicly endorse a candidate for nonjudicial office.
>>
>> *(2) A judge or a candidate for judicial office may:*
>>
>>> *(a) attend political gatherings;*
>>>
>>> (b) speak to such gatherings on the judge's own behalf or on behalf of the other judicial candidates;
>>>
>>> *(c) contribute to a political party.* (Emphasis added.)

While a City Council candidate is an individual and not a "political party," we find further instruction in the State Bar of Michigan Ethics Opinions. In Ethics Opinion JI-145, the State Bar found that "if a judge can attend political gatherings, speak at political gatherings on his or her own behalf or on behalf of another judicial candidate, and contribute to a political party pursuant to Canon 7A(2)(a), (b), and (c), a private donation by a judge to a nonjudicial candidate's campaign, without more, is not an ethically prohibited 'public endorsement.' " State Bar of Michigan Ethics Opinion JI-145 (June 15, 2015). Similarly, in Ethics Opinion JI-30, the State Bar found that because the Code of Conduct "specifically allows attendance at 'political gatherings' and a fundraiser for a nonjudicial candidate is clearly a 'political gathering,' a judge may attend fundraisers for nonjudicial candidates." State Bar of Michigan Ethics Opinion JI-30 (November 15, 1990). Here, the candidates were seeking election to the City Council, not a judicial position,

---

conduct of City Attorneys, and review by the Michigan Attorney General and Washtenaw County Prosecutor regarding conduct of the Mayor and City Clerk Jacqueline Beaudry. Plaintiff waived appellate review of each of these issues by failing to raise these issues in the trial court below. For an issue to be preserved for appellate review, it must be raised in or decided by the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Plaintiff did not raise any of these requests below at any time in the trial court. Moreover, even if this issue was properly preserved, this Court is not the proper venue in which to raise such requests. See MCR 7.203(A)(2); MCR 9.112; MCR 9.220. We deny plaintiff's request to initiate or opine on any investigations of the trial judge, City officials, and City employees.

and plaintiff has provided no evidence to show that the trial court judge did anything more than contribute money to both campaigns and attend a fundraiser event for one of the then-candidates. These actions, without more, do not amount to improper conduct.

Plaintiff failed to establish any other reason that the trial judge's campaign contributions to two Councilmembers or attendance at a candidate's fundraiser give any appearance of impropriety on an OMA case against the City. Neither of these councilmembers are named defendants in this case. Plaintiff challenges the acts of the City Council as a whole legislative body and the City of Ann Arbor is the named defendant. In Michigan, a municipal board like the City Council, "speaks only through its official minutes and resolutions," not individual members. *46th Circuit Trial Court v Crawford County*, 266 Mich App 150, 161; 702 NW2d 588 (2005) overruled in part on other grounds by *46th Circuit Trial Court v Crawford County*, 477 Mich 922; 722 NW2d 884 (2006).

The Michigan Supreme Court has concluded that lawful campaign contributions made within legal limits "lawfully reported and disclosed, cannot fairly constitute a basis for judicial disqualification" and thus, "the Legislature decided that lawful campaign contributions would not give rise to a basis for judicial recusal." *Adair v State Dep't of Ed*, 474 Mich 1027, 1042; 709 NW2d 567 (2006). Plaintiff failed to establish any "actual bias or prejudice" in this matter justifying judicial disqualification. See *In re Contempt of Henry*, 282 Mich App at 680 ("Generally, a trial judge is not disqualified absent a showing of actual bias or prejudice."). Plaintiff's appeal also relies on prior adverse rulings by the trial judge against his attorney in separate and unrelated FOIA cases (and now, he too relies on the adverse rulings in the present case). But the law is clear that prior adverse rulings are not sufficient to require disqualification. *Id.* at 680. The trial court correctly concluded that plaintiff failed to demonstrate bias or the appearance of impropriety so as to justify the disqualification of the trial court judge.

Affirmed.

/s/ Christopher P. Yates
/s/ Adrienne N. Young
/s/ Randy J. Wallace